(111 So. 911)

**SULLIVAN v. SULLIVAN.** (3 Div. 757.)

(Supreme Court of Alabama. Jan. 20, 1927. Rehearing Denied March 31, 1927.)

1. **Divorce** ⟨⟫245(1)—Court may modify alimony installments, though no power of modification is reserved in decree.

Court may modify decrees for alimony payable in installments, after lapse of time, though no power is reserved in decree to make modification, in exercise of authority vested in court in proceedings necessarily continuous in nature and operation.

2. **Divorce** ⟨⟫245(1)—Where allowance is for alimony payable in installments for support, not division of property, allowance can be modified to suit changed conditions.

Allowance of alimony payable by installments for support of wife and children may be modified on application of either party, where facts and justice warrant modification, provided effect of decree was not division of property.

3. **Divorce** ⟨⟫245(1)—Mere allowance of alimony may be modified, though fixed in decree as result of parties' agreement.

Fact that installments of alimony were fixed by agreement of parties and approved by court incorporating agreement into final decree does not prevent subsequent modification.

**4. Divorce ☞247—Subsequent marriage of divorced wife did not, as matter of law, cut off right to monthly installments under settlement agreement incorporated in divorce decree.**

Subsequent marriage of divorced wife did not, as matter of law, terminate her right to monthly installments under settlement agreement incorporated in divorce decree; control of subsequent installments or allowances being dependent on justice of case.

**5. Divorce ☞247—Agreement to pay monthly sum for wife's permanent support in property settlement made part of decree held contract involving property rights not revoked by her subsequent marriage.**

Monthly installments allowed wife for permanent support under property settlement agreement providing for conveyances and relinquishment of dower and incorporated in divorce decree *held* valid contract as to property rights not revoked by her subsequent marriage; contract not being mere provision for alimony as such.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition in equity by Martin H. Sullivan against Annie C. Sullivan. From a decree overruling a demurrer to the petition, respondent appeals. Reversed and rendered.

On July 13, 1922, Annie C. Sullivan filed her bill for divorce from Martin C. Sullivan. The fifth paragraph of that bill is as follows:

"That said Martin H. Sullivan is possessed of considerable means and is well able to provide a permanent support and alimony for oratrix and to provide for the support and education of said children, and that oratrix has small means of her own, and that on, to wit, July 30, 1921, said Martin H. Sullivan and oratrix entered into a certain agreement in writing for the provision of permanent support for oratrix and of said children and for the education and custody of said children, and that oratrix has complied with said agreement and is willing to continue to do so."

The prayer was for a decree granting an absolute divorce from said Martin H. Sullivan and adopting the terms of the agreement of July 30, 1921. On November 9, 1922, a decree was rendered granting the divorce as prayed and reciting:

"It is further ordered, adjudged, and decreed that the agreement between said parties, dated the 30th day of July, 1921, referred to in the bill of complaint and exhibited to the respondent's answer, be and the same is hereby affirmed, and the parties to this cause are commanded to comply therewith according to the terms thereof."

On May 21, 1925, the husband filed his petition or supplemental bill setting up the fact that, subsequent to the decree of November 9, 1922, the wife had again married, and praying for a decree "releasing him from the obligation to make or cause to be made any fur-

ther payments to said" Annie C. Sullivan "for her maintenance and support, or reducing the said monthly allowance" to her as equity may require, etc., and for release of security deposited by him to insure payments.

Ball & Ball, of Montgomery, for appellant.

In the absence of jurisdiction reserved by the court, the allowance of alimony on the granting of divorce is absolute, and cannot be altered after expiration of the term or time for new trial or appeal. 19 C. J. 269; Ortman v. Ortman, 203 Ala. 167, 82 So. 417. There was no decree for alimony in this case. There was a valid contract of the parties, not subject to be abrogated by remarriage of the wife. Archbell v. Archbell, 158 N. C. 408, 74 S. E. 327, Ann. Cas. 1913D, 261; Ross v. Ross, 103 Kan. 232, 173 P. 291; Gilsey v. Gilsey, 195 Mo. App. 407, 193 S. W. 858; Rennie v. Rennie, 85 N. J. Eq. 1, 95 A. 571; Galusha v. Galusha, 116 N. Y. 635, 22 N. E. 1114, 6. L. R. A. 487, 15 Am. St. Rep. 453; Mesler v. Jackson Circuit Judge, 188 Mich. 195, 154 N. W. 63; Cowle v. Cowle, 114 Kan. 605, 220 P. 211; Levy v. Levy, 149 App. Div. 561, 133 N. Y. S. 1084; Bulke v. Bulke, 173 Ala. 141, 55 So. 490, 19 C. J. 340.

Weil, Stakely & Cater, of Montgomery, for appellee.

Remarriage of the wife constitutes good ground for an application by the husband for release from further payments of alimony. Morgan v. Morgan, 203 Ala. 516, 84 So. 754. The court at all times has power to modify an alimony decree in accordance with the changing conditions of the parties, and this whether or not control over the decree is reserved. Johnson v. Johnson, 195 Ala. 641, 71 So. 415; Ortman v. Ortman, 203 Ala. 167, 82 So. 417; Emerson v. Emerson, 120 Md. 584, 87 A. 1033; Dietrick v. Dietrick (N. J. Ch.) 134 A. 338; Stevens v. Stevens, 31 Colo. 188, 72 P. 1060, 1061; Jewel v. Jewel, 71 Colo. 470, 207 P. 991; Staton v. Staton, 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820; Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009; Alexander v. Alexander, 13 App. D. C. 334. The decree involved is an alimony decree. The fact that the contract is a release of any right which the wife may have to alimony does not affect the nature of the decree. Code 1923, §§ 7418, 7431; Coffey v. Cross, 185 Ala. 86, 64 So. 95; Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820; Johnston v. Johnston, 212 Ala. 351, 102 So. 709. The fact that the decree in this case is based upon an agreement made between the parties is no bar to modification by the court of the allowance made. Skinner v. Skinner, 205 Mich. 243, 171 N. W. 383; Dietrick v. Dietrick, supra; Wallace v. Wallace, 74 N. H. 256, 67 A. 580, 13 Ann. Cas. 293; Johnston v. Johnston, supra.

THOMAS, J. A question presented is the right of the courts to modify decrees for alimony payable by installments, after the lapse of time, where there is no power reserved in the decree to make such modification. In recognition of such necessity, according to the justice of the circumstances and changed conditions of the parties, it has been suggested that such decrees be kept open. Johnson v. Johnson, 195 Ala. 641, 71 So. 415; Rearden v. Rearden, 210 Ala. 129, 97 So. 138; Ortman v. Ortman, 203 Ala. 167, 82 So. 417. In Morgan v. Morgan, 211 Ala. 7, 99 So. 185, the decree had been kept open by specific provisions contained therein.

[1] The question reverts to the exercise of the power of the court to expressly reserve the authority to modify such a decree to meet the justice of changed conditions, and the patent observation that this is but the exercise of the authority in the premises already vested in said court by law in proceedings necessarily continuous in nature and operation. Alexander v Alexander, 13 App. D. C. 334, 45 L. R. A. 806, 812; Emerson v. Emerson, 120 Md. 584, 87 A. 1033, 1036; Stevens v. Stevens, 31 Colo. 188, 72 P. 1061; Jewel v. Jewel, 71 Colo. 470, 207 P. 991; Skinner v. Skinner, 205 Mich. 243, 171 N. W. 383; Staton v. Staton, 164 Ky. 688, 176 S. W. 21, L. R. A. 1915F, 820; Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009. Such is the rule in this jurisdiction. Ortman v. Ortman, 203 Ala. 167, 82 So. 417; McAlister v. McAlister, 214 Ala. 345, 347, 107 So. 843; Jones v. Bryant, 214 Ala. 348, 108 So. 68.

[2, 3] The allowance in the case at bar will be considered and construed in accordance with its substance and not its mere form. If, when so considered, the effect of the decree rendered was not that of a division of property, but of an allowance of alimony payable by installments for the support of the wife and children, it may be modified. Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Skinner v. Skinner, 205 Mich. 243, 171 N. W. 383; Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820. And after such allowance has been made in a final decree for alimony, payable by installments, it may be modified upon the application of either party if the facts and justice of the same warrant. And if it be a mere allowance as alimony the power of change is not limited by the fact that the several amounts or installments were fixed by agreement of the parties and approved by the court incorporating the agreement into the final decree for divorce.

To an ascertainment of the basis of this decree it is noted that the bill for divorce charged that the respondent was able to provide a permanent support and alimony; that the agreement was the provision for *permanent support* of the complainant's wife; and prayed for absolute divorce, the adopting of the terms of the agreement, and that she be permitted to marry again—and the decree was pursuant thereto. No decree for alimony eo nomine was made. It is further true that the respondent answered the bill, saying, among other things:

"Defendant denies the allegations of paragraph 5 of said bill of complaint, but admits that he is possessed of reasonable means. Defendant further alleges that he has amply provided for the support and maintenance of the complainant, and also for the support, maintenance, and education of the children of complainant and defendant, and that a satisfactory provision was made by and between complainant and defendant by virtue of a certain agreement made on July 30, 1921, a copy of which is hereto attached and made a part of this answer and marked Exhibit A, which said agreement is referred to in paragraph 5 of the bill of complaint; and, further, defendant avers that he has fully complied with all the terms of said agreement, and is willing and ready to continue to comply with all the terms of said agreement."

The contract or agreement incorporated in the pleading and decree vested in the wife the personal and real property then in her possession, with the power of conveyance, and the agreement of each party to execute the conveyance of such property necessary under the law when requested by the other so to do.

It is further provided:

"That party of the first part shall pay, or cause to be paid, to party of the second part, for and during her natural life, the sum of $200 per month for her entire support and maintenance, on the 1st day of each month, beginning with August 1, 1921, the payment for August being hereby acknowledged, and shall, within 60 days from date of this agreement, deposit and maintain with a trust company in Montgomery or New York City sufficient securities to yield the monthly sums, such trust agreement to be drawn and approved by attorneys for the respective parties, so as to assure to said party of the second part the said monthly payment. The party of the first part shall pay, or cause to be paid, all expenses of schooling and clothing of said children, and, in addition thereto, shall pay, or cause to be paid, to party of second part, the sum of $37.50 per month each for the maintenance of said children Katherine and Mercedes while they reside with party of the second part. The party of the first part shall pay, or cause to be paid, to party of the second part, for the child Julie, $35 per month, which shall cover all her expenses until said Julie is placed in school with her sisters, as hereinbefore provided. That said party of the first part shall pay to the party of the second part within 15 days the sum of $1,000 belonging to her and heretofore collected by him, and shall pay also to her attorneys, Hill, Hill, Whiting, etc., or John P. Stokes, the sum of $1,000 as attorney's fees for services rendered in this matter. The payments herein provided are in lieu of any alimony or other charges for the support and maintenance of the party of the second part and in payment of all counsel and attorney's fees, and the party of the first part shall be free of all right of dower of the second party in and to any property of the first party. Up-

on the deposit of securities as herein provided, the second party shall immediately join the first party in the proper conveyances, conveying the residue of his real estate, or any part thereof, to any third party nominated by him. The parties hereto will, from time to time, execute all such deeds or other instruments and papers as may be necessary to enable either of said parties to sell, assign, or deal with his or her property. That the said wife hereby acknowledges and accepts the provisions herein made for her support, as long as she may continue to receive and enjoy same, as being in full of any rights which she has, or may have, under the laws of any of the United States to alimony, support, or maintenance from her said husband, and she does hereby forever release and relinquish any and all claims or demands of any and every nature whatsoever against him by virtue of being his wife, and it is mutually agreed that, if either party to this agreement shall hereafter obtain an absolute divorce, the provisions of this agreement shall be incorporated in the decree of divorce."

The bill and answer aver compliance or readiness and willingness and ability to so do. according to all the terms of the agreement. It was upon such pleading and proof that the final decree was rendered.

[4] The petition later filed by Mr. Sullivan is based upon the subsequent marriage of the former wife. The ruling of the trial court was that, as a matter of law, under the subsequent pleading, all the rights of the appellant under the contract and former decree were terminated by her subsequent marriage. Such is not the fact; the power or control of subsequent installments of allowances for alimony, as such, are dependent upon the justice of the case and condition and respective necessities of the parties.

In Bulke v. Bulke, 173 Ala. 138, 141, 55 So. 490, it is said:

"Of course, if he did receive and live with her, by cohabitation, as a wife, it would be a condonation of those causes of divorce; but that would not necessarily abrogate the contract by which she had received a definite amount in lieu of all obligation to support her. The temporary allowance is only for her support, and the statute cannot have the effect of impairing the obligation of the contract, by which the complainant has bound herself, for an adequate consideration, not to claim anything more for that purpose. In a case where, by previous agreement, provision for the support of the wife had been made, it was held that alimony pendente lite should not be allowed, but that on the final hearing of the case the court would inquire whether the provision was sufficient. It is not shown whether there was an express release of liability for support, but under the peculiar circumstances of that case counsel fees were allowed. Collins v. Collins, 80 N. Y. 1, 11, 12; 14 Cyc. 754, 755."

And of this case it was said in Coleman v. Coleman, 198 Ala. 225, 229, 73 So. 473, 475:

"The case of Bulke v. Bulke, 173 Ala. 138, 55 So. 490, is not an apt authority here. There the husband had 'already provided for the "support of the wife,"' and the effect of that decision was that the statute 'cannot mean that she is entitled as a matter of right to additional support.'"

[5] When the substance of the pleading and decree is considered and given effect, it was not that for *alimony* as such. It was a valid contract of the parties as to their properties or property rights. The agreement specifically provided for the execution of conveyances and relinquishment of dower, etc. The respondent, in the petition, is not shown to have waived any of said contract rights or to have estopped herself from the assertion of the same. There were no former proceedings having the effect of reversal, abrogation, or modification of the same. And in Bulke v. Bulke, 173 Ala. 141, 55 So. 490, it was held that the remarriage or receiving of the wife by the former husband after a separation and property settlement did not necessarily abrogate the contract or property rights theretofore accorded and acquiesced.

There was error in overruling the demurrer of the respondent to the petition, and the decree is reversed, and a decree is here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.