(117 So. 214)

## GABBERT v. GABBERT. (6 Div. 59.)

Supreme Court of Alabama. May 24, 1928.

**1. Judgment ⊂⇒299(1)—Generally, after adjournment for term or expiration of time through which jurisdiction is preserved court cannot modify its final judgments and decrees (Code 1923, § 6670).**

Generally, under Code 1923, § 6670, after adjournment of court for term or the expiration of the time through which jurisdiction is preserved by statute, court is without power to alter or modify its final judgments or decrees.

**2. Husband and wife ⊂⇒289, 299½—Court's authority as to children and in requiring husband to pay allowance without divorce is referable to its general equity jurisdiction.**

Authority of court respecting minor children and enforcement of husband's duty to support wife by granting alimony without divorce is referable to its general equity jurisdiction, and in enforcing the duty of support court deals only with income or use of property, compelling contribution in periodical payments.

**3. Divorce ⊂⇒1, 200—Court's jurisdiction to grant divorce and award wife alimony is statutory and limited.**

Court's jurisdiction and authority to divorce persons from bond of matrimony and to make allowance to wife out of the estate of husband, temporary and permanent, is a statutory and limited jurisdiction.

**4. Divorce ⊂⇒164, 245(1) — Court held without authority to modify final decree without reservation granting divorce and alimony, after expiration of statutory period through which jurisdiction is preserved (Code 1923, § 6670).**

Court, in absence of reservation in decree, *held* without authority to modify final decree granting divorce and awarding wife alimony payable in installments, after expiration of statutory period through which jurisdiction is preserved under Code 1923, § 6670.

Sayre, Thomas, and Bouldin, JJ., dissenting.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition of T. M. Gabbert to modify a decree rendered in a suit for divorce, alimony, and custody of a child instituted by Frances M. Gabbert against T. M. Gabbert. From a decree denying relief, the petitioner appeals and applies for mandamus. Appeal dismissed; mandamus denied.

William Vaughan, of Birmingham, for appellant.

Orders allowing alimony are always interlocutory in a sense, and, if allowed as permanent alimony, subject to revision, modification, and reduction or increase, as the circumstances may develop, and can never be absolutely final. 5 Michie's Ala. Dig. 188; Robertson v. Robertson, 213 Ala. 114, 104 So. 27.

Oliver Henderson, of Birmingham, for appellee.

A decree for permanent alimony under Code, § 7419, is subject to further modification only where the original decree reserves the right of control. Smith v. Rogers, 215 Ala. 581, 112 So. 190; Morgan v. Morgan, 211 Ala. 7, 99 So. 185; 1 R. C. L. 946; 19 C. J. 269; Schouler on Mar. & Div. 1990.

BROWN, J. The appellee, on April 2, 1927, filed her bill in the circuit court of Jefferson county against the appellant, then her husband, for absolute divorce, the custody of her child, and for alimony. The case proceeded regularly to a final decree, entered on the 14th day of May, 1927, dissolving the marriage bonds and permitting the complainant to contract marriage after the expiration of 60 days; committing the custody of the child to the wife, and awarding alimony payable in monthly installments of sixty dollars each, "for the support of complainant and said minor child," commencing on the 18th day of May, 1927, "and to continue * * * until said child becomes 21 years of age, marries or dies"; upon the happening of any one of such events, such payments to continue for the support of the complainant until she marries or dies. The decree further provided that should the complainant marry before said child becomes 21 years of age, marries, or dies, then said monthly payment shall be deposited in some reliable bank in trust for the child. The decree fixing the alimony and the manner of its payment was, by agreement of the parties, filed in the case and embodied in the decree, carrying the provision that—

"No change of conditions, social or economical, or change of circumstances, of either or both parties hereto or their children, shall increase or diminish the amount herein agreed upon in lieu of alimony and support of said minor child."

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the 12th day of September, 1927, the appellant filed a petition, in the equity division of the circuit court, for a modification of the decree in so far as it fixed the amount to be paid, on the ground that the decree in this respect and in prohibiting modification was improvidently entered; that petitioner was at that time under the age of 21 years, and because of the change in his circumstances he is unable to meet the payments. The petition was dismissed, and from the order dismissing the petition this appeal is prosecuted, and along with the submission of the case on appeal, the appellant submits, in the alternative, a petition for the writ of mandamus.

The appellant's contention is: (1) That the decree in so far as it fixes the amount of alimony to be paid, and the manner of its payment, is interlocutory and never became final in the sense that it is beyond the power of the court to modify it so as to conform to the equities of the case arising through a change in the conditions and circumstances surrounding the parties; (2) that the court is without power to abdicate its authority, and the decree in respect to the assertion that it may not be modified is void.

On the other hand, the appellee contends: (1) That the court exhausted its jurisdiction, without reservation, and the decree is final, and the court is without power to modify it; (2) that on the showing made, assuming authority in the court to modify or alter the decree, the petition was properly dismissed.

The question of controlling importance—the power of the court to modify a final decree after the adjournment of the term or the statutory period over which the plenary and inherent power of the court extends—is a vexed question and one upon which the authorities, including our own decisions, appear to be in conflict.

In some of the states the jurisdiction of courts of equity or chancery, in respect to questions involving divorce, alimony, the custody of children, the duties arising from the relation of the parties, and the manner of its enforcement, is founded on a system materially different from ours; and others have statutes that preserve the court's jurisdiction to modify final decrees in this class of cases. The decisions of such courts cannot be looked to as authority upon the question here. A thorough analysis of the decisions of many different courts touching the question will be found in the case of Ruge v. Ruge, by the Supreme Court of the State of Washington, reported in 97 Wash. 51, 165 P. 1063, L. R. A. 1917F, 721, 728.

[1] The general rule with us is that after the adjournment of the court for the term, or the expiration of the time through which jurisdiction is preserved by statute, the court is without power to alter or modify its final judgments and decrees. This was the ruling in Smith v. Smith, 45 Ala. 264. The statute now provides that—

"After the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Code 1923, § 6670; Ex parte Margart, 207 Ala. 604, 93 So. 505; Ex parte Kay, 215 Ala. 569, 112 So. 147.

The rule of Smith v. Smith, supra, with slight modifications, was approved in the recent case of Smith v. Rogers, 215 Ala. 581, 112 So. 190, to quote from the opinion in that case:

"In Smith v. Smith, 45 Ala. 264, in construing this statute (Code of 1867, § 2361 [now, § 7418, of the present Code, 1923]), it was soundly observed that: 'This "allowance" to the wife is not, in fact, alimony, in the sense of the ecclesiastical law of England; but it is more strictly an arrangement in lieu of a division of the estate of the parties.' It was there held that the statute intended that the 'allowance' should pass to the wife 'in absolute right as a permanent provision for her support,' and that it could not be afterwards modified by judicial decree. By the later cases, however, it has been firmly established that a decree for permanent alimony, whether in gross or in installments for current maintenance, is subject to future modification if the original decree in terms reserves the right of control. * * /* But 'except for reservation in the decree or express statutory authority the court has no power to alter the decree'"—citing Morgan v. Morgan, 211 Ala. 7, 99 So. 185, and other cases.

Yet in Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, it was declared to be the rule of this jurisdiction that the rendering court may modify a decree for alimony, payable in installments, after lapse of time, though no power is reserved in the decree to make the modification.

The decrees involved in the cases of Smith v. Smith, Smith v. Rogers, Morgan v. Morgan, and Sullivan v. Sullivan, supra, were of the same nature—allowances incident to a decree of absolute divorce. In the Sullivan Case the allowance was made in conformity with an agreement between the parties, as here.

[2] The jurisdiction and authority of courts of equity, and judges of such courts, to deal with questions arising out of domestic relations, such as divorce, alimony, the custody of children, and the duties arising therefrom, flows from different sources. The authority of the court, and its judges, respecting minor children, the enforcement of the duty of the husband to support the wife by granting alimony without divorce, is referable to its general equity jurisdiction, and in enforcing the duty of support so arising, the

court deals only with the income or use of property, compelling contribution in periodical payments. Glover v. Glover, 16 Ala. 440; Murray v. Murray, 84 Ala. 363, 4 So. 239; Code of 1923, § 6479.

[3] But the jurisdiction and authority "to divorce persons from the bonds of matrimony" and to make allowances to the wife "out of the estate of the husband," temporary and permanent, is a statutory and limited jurisdiction. Tillery v. Tillery (Ala. Sup.) 115 So. 27;[1] Martin v. Martin, 173 Ala. 111, 55 So. 632; Crimm v. Crimm, 211 Ala. 13, 99 So. 301; 19 C. J. 23, §§ 28, 29, 30.

[4] The decree of April 14, 1927, is a final decree of divorce—a vinculo matrimonii, terminating the relation of husband and wife theretofore existing, with an allowance, confirming the agreement of the parties, payable in monthly installments, the payments to cease upon the happening of specified events, which in the course of time, are bound to happen. The decree was entered, not only without reservation, but following the agreement of the parties, it declares that the amount agreed upon "shall neither be reduced nor increased" to meet changes in the conditions and circumstances of the parties. The decree here involved is referable to an exertion of the statutory and limited jurisdiction, and the rule sustained by the weight of authority is that in such cases, in the absence of reservation in the decree indicating that the court has not fully exhausted its jurisdiction in the particular case, the statute not authorizing, the court is without power to alter or modify such final decree, after the expiration of the statutory period through which jurisdiction is preserved. Smith v. Rogers, supra; Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Smith v. Smith, 45 Ala. 264, Code of 1923, § 6670; Ex parte Kay, 215 Ala. 569, 112 So. 147; 19 C. J. 269, § 616.

Whether this rule applies in cases where the domestic relation is not terminated, and the duty of support and maintenance continues as an incident to the relation, is not now presented. See, however, McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318; 1 R. C. L. 946; 60 Am. Dec. 668, note; Buckminster v. Buckminster, 38 Vt. 248, 86 Am. Dec. 658; Rogers v. Vines, 28 N. C. 293, 297; De Blaquiere v. De Blaquiere, 3 Haggard's Ecc. Rep. 322, (329); 19 C. J. 269, § 615.

The case of Sullivan v. Sullivan, supra, was correctly decided, but the holding of the court expressed in the first headnote is not applicable to a final decree dissolving the marriage bonds and fixing the allowance to the wife as permanent alimony.

The order dismissing the petition to modify will not support the appeal, and what we have said is sufficient to indicate that we are of opinion that the writ of mandamus should not issue.

Appeal dismissed; mandamus denied.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.

SAYRE, THOMAS, and BOULDIN, JJ., are of opinion that the holding in Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, is sound, and therefore dissent.

