(120 So. 150)

## . EPPS v. EPPS.   (3 Div. 841.)

Supreme Court of Alabama.   Jan. 31, 1929.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Walton H. Hill, of Montgomery, for appellee.

BOULDIN, J.   The question of first concern ·in this case is: Can a decree granting an absolute divorce and awarding permanent alimony to the wife, payable in monthly installments, be modified to meet changed conditions rendering the husband unable to pay, the decree having become final under the 30-day statute and no 'power to modify being reserved therein?

This question was considered by the full court at last term 1927–28.  Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214.

The court, by majority opinion, held it cannot.

A contrary view was held by the court sitting in division at the term of 1926–27. Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911.

We cannot concur with appellee in the view that the Gabbert Case did not overrule the Sullivan Case on this point.  The statement toward the close of the opinion in the Gabbert Case, that the Sullivan Case was correctly decided, refers to the result obtained, a denial of relief.

But, in view of the divergent opinion so recently expressed, the importance of a correct solution of the question, its frequent recurrence, and the manifest hardship and injustice which may result to parties without fault on their part, the writer thinks it should be again considered on basic grounds.

By basic grounds, we mean: First, the ground or basis upon which wife's claim to alimony after divorce rests; and, second, the basis upon which the amount of the award and manner of payment are fixed.  A clear view of these matters will aid in the construction of the decree entered.

Code, § 7418, reads: "If the wife has no separate estate, or if it be insufficient for her maintenance, the judge, upon granting a divorce, must decree the wife an allowance out of the estate of the husband, taking into consideration the value thereof and the condition of his family."

Literally, it would appear this statute contemplates merely an allowance from the hus-

band's existing estate. The case of Gabbert v. Gabbert, supra, is rested upon the doctrine of Smith v. Smith, 45 Ala. 264, as correctly interpreted in an extract from Smith v. Rogers, 215 Ala. 581, 112 So. 190. We must note that in Smith v. Rogers, supra, this court did not commit itself to the doctrine of Smith v. Smith, there restated. The allowance under consideration in the Smith-Rogers Case was in gross, a fixed amount, payable in four annual installments. Said the court:

"We need not, and do not, consider what the rule would be where the decree is for periodic payments for an indefinite period, for the current support of the wife. The decisions differ in the various jurisdictions, dependent upon variant statutory provisions, or variant theories as to the nature of alimony, or upon the terms of the decree itself. Storey v. Storey, 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. St. Rep. 417; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Ex parte Hart, 94 Cal. 254, 29 P. 774; Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Pingree v. Pingree, 170 Mich. 36, 135 N. W. 923; 1 R. C. L. 933, § 80; 19 Corp. Jur. 278, § 633.

"But, on principle, there is no escape from the conclusion that a decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival. Smith v. Smith, 45 Ala. 264, 268; Jeter v. Jeter, 36 Ala. 391, 401, 402; Winslow v. Winslow, 133 Tenn. 663, 182 S. W. 241, Ann. Cas. 1917A, 245; Martin v. Martin, 195 Ill. App. 32; 19 Corp. Jur. 266, § 613."

The case of Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, was under consideration at the same time, the same judges sitting. The rehearing in the Sullivan Case was denied the following week after the decision in Smith v. Rogers was read out. Mr. Justice Somerville, the learned writer of the opinion in that case, concurred throughout in the Sullivan Case. That he later concurred in the Gabbert Case only discloses the grave doubts under which the distinguished jurist labored on this subject.

■ Returning to the statement in Smith v. Smith, that alimony after divorce under our statute "is more strictly an arrangement in lieu of a division of the estate of the parties," an allowance "passing in absolute right as a permanent provision of her support," we would say that, in so far as the allowance is from an existing estate, or charged upon an existing estate, including income from capital investment, this statement of the law cannot be questioned.

■ But this court has passed far beyond the concept of alimony upon divorce as solely a division of the husband's estate.

One manifest element entering into the allowance of alimony is the future support and maintenance of the wife after dissolution of the bonds of matrimony. Upon severance of the marital relation and consequent release of the husband from the duty of continued maintenance growing out of that relation, an allowance is decreed in lieu thereof. That such is the statutory purpose is manifest by its provisions taking into account her separate estate.

The same thought is embodied in the statute requiring a more liberal allowance upon divorce for misconduct of the husband. Code, § 7419.

A reading of the cases of Smith v. Smith, supra, Smith v. Rogers, supra, as well as many others, discloses the matter of continued maintenance of the wife as a basic consideration in making the allowance. Nowhere does this seem to be questioned.

What follows? Naturally, this concept has led to basing the allowance, not merely upon the amount of the husband's estate or capital income, but also upon his future earnings and even his capacity to earn. Farrell v. Farrell, 196 Ala. 167, 71 So. 661. We have thus adopted the same source of payment in decreeing alimony after divorce, as in cases of separate maintenance (Johnson v. Johnson, 195 Ala. 641, 71 So. 415), and in cases of temporary alimony pending divorce proceedings (Ex parte Whitehead, 179 Ala. 652, 60 So. 924). See, also, Ortman v. Ortman, 203 Ala. 167, 169, 82 So. 417.

We see no reason to depart from these decisions. Take, for example, a professional man with large personal earnings, but who has spent all in high living, no one would approve a denial of alimony to his wife upon divorce because he had accumulated no estate, nor shield him in a willful abandonment of his earning capacity in order to defeat her claim.

If, then, the allowance has regard to the duty of maintenance, and may, therefore, be properly based upon the husband's future earnings and even his capacity to earn, the duty so decreed is of necessity based upon conditions at the time. The fact of making a permanent allowance payable in future installments contemplates that the court is open to enforce the performance of such duty by contempt proceedings, if necessary. On such proceedings, surely it is contemplated the court shall determine whether such duty continues. No court of conscience would hold a man in contempt for failure to do the impossible from no fault of his own. Shall we say it is implied in such decree that the

court may thereafter consider changed conditions as affecting the duty to perform, but may not redefine and decree what his duties are under these changed conditions?

If such original decree fixes absolutely the future legal obligation, how can the court, in contempt proceedings, hold such is not the legal obligation, and excuse nonperformance?

If it is implied in such decree as here involved that the court may thereafter hear and act upon changed conditions in enforcement proceedings, logically it is also implied that he may on proper hearing modify the decree in keeping with such finding.

The correct view is stated in Sullivan v. Sullivan, supra. It is in the nature of a continuous proceeding. It does not fix an amount presently due the wife. It names a monthly amount to become due the wife in the indefinite future. Necessarily, it must be fixed on present conditions. 19 C. J. 270, note 10; 45 L. R. A. 806.

A decree providing for monthly payments of $100 per month, to run indefinitely, implies an allowance for support and maintenance to be met by the husband from his income or earnings, if need be. Such a decree is subject to modification on proper application and showing that performance is no longer possible or highly inequitable.

In this case the trial court found that the husband had, at the time divorce proceedings were pending, turned over to the wife property of about the value of $10,000, which she now has, and which is yielding a substantial income; that the decreed allowance of $100 per month was paid for several months; that the husband became unable to pay; that the recorded decree operates to cripple or destroy his earning power, etc.

An allowance of $100 per month, an annuity of $1,200 to run during the life expectancy of a young and healthy woman, is equivalent to her share in quite a considerable estate. The husband had no such estate. Such as he had, he gave in large part at the time.

These facts merely confirm the purpose of the decree as implied from its form, one based on future earnings for the continued maintenance of the wife, and hence dependent upon such earnings for payment. There was no error in holding it subject to modification for good cause.

But the court went further, and undertook to avoid the installments accrued before the petition to modify was presented.

This was beyond his power. These past-due installments had become a debt of record, a vested estate of the wife, beyond the power of the court to destroy, whatever the hardship to the petitioner. His jurisdiction to modify the decree is limited to its prospective effect.

On this point we need do no more than cite the following authorities: McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318; McAlister v. McAlister, 214 Ala. 345, 107 So. 843; Sistare v. Sistare, 218 U. S. 1, 30 S. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1062; Wells v. Wells, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561.

For this error the decree must be reversed. The cause is remanded for further proceedings in conformity to this opinion.

Reversed and remanded.

All the Justices concur.