139 So. 334

## WORTHINGTON v. WORTHINGTON.

### 6 Div. 994.

Supreme Court of Alabama.

Jan. 28, 1932.

M. B. Grace, of Birmingham, for appellant.

W. J. Worthington, pro se.

238

GARDNER, J.

The final decree of divorce obtained by Carrie L. Worthington against W. J. Worthington, her husband, fixed alimony payable periodically, that is, monthly, pursuant to agreement of the parties. Worthington v. Worthington, 215 Ala. 447, 111 So. 224; Worthington v. Worthington, 218 Ala. 80, 117 So. 645.

Counsel for appellant insists that in view of the failure of the decree to reserve to the court future control of the cause, the petition by the defendant seeking a modification of the alimony award by reason of changed conditions, subsequent to the rendition of the decree, would not lie. The authorities relied upon by appellant have been departed from, and our recent decisions fully sustain the decree rendered. A citation of these authorities, where the question is fully discussed, should suffice. Ex parte Allen, 221 Ala. 393, 128 So. 801; Epps v. Epps, 218 Ala. 667, 120 So. 150; Smith v. Smith, 218 Ala. 701, 120 So. 167; Aiken v. Aiken, 221 Ala. 67, 127 So. 819; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911.

■ Neither the lack of reservation of control in the decree, nor the fact that the alimony stipulated rests upon agreement of the parties, affects the equity of such petition. Authorities supra.

Some explanation, however, is here appropriate as to the statement of the court on a former appeal in litigation between these parties concerning a modification of the decree here in question (Worthington v. Worthington, 218 Ala. 80, 117 So. 645), to the effect that the consent decree was binding upon the wife as to the amount stipulated for alimony. Such statement was rested upon Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214, where the holding was that after adjournment of the term or the statutory period over which the plenary and inherent power of the court extends, the court was without power to modify the alimony decree even upon a change of conditions subsequent thereto. But in the Epps Case, 218 Ala. 667, 120 So. 150, this authority, and others to like effect, were overruled, and it is now the settled rule in this jurisdiction that such modification upon subsequent changed conditions may be had although no such control is reserved in the decree, and the court is considered always open for such purpose. Ex parte Allen, 221 Ala. 393, 128 So. 801.

As to the binding effect of such alimony decree, as here involved, based upon agreement of the parties, the courts are divided. 1 R. C. L. p. 947; 19 C. J. 251 and 271.

■ But in Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, this court followed the lead of those authorities which adopt the theory that such an agreement becomes merged into the decree and thereby loses its contractual nature at least to the extent that the court has the power to modify the decree when changed circumstances so justify. Herrick v. Herrick, 319 Ill. 146, 149 N. E. 820; Skinner v. Skinner, 205 Mich. 243, 171 N. W. 383, cited in the Sullivan Case, supra. And, indeed, in Morgan v. Morgan, 211 Ala. 7, 99 So. 185, this court had so expressly decided, and in Johnston v. Johnston, 212 Ala. 351, 102 So. 709, had assumed, without discussion, such to be the established rule. In the note to Dickey v. Dickey, 58 A. L. R. 639, the author states this rule as supported by the weight of authority, and numerous cases to like effect are there collated. See, also, 71 A. L. R. 723.

■ In Epps v. Epps, supra, our authorities were reviewed and the Sullivan Case expressly approved, and it was stated by the chancellor in his opinion, which does not appear in the report of the case, that the amount of the monthly alimony was rested upon an agreement of the parties. Of course, the rule is recognized that such decree will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation. Langrall v. Langrall, 145 Md. 340, 125 A. 695, 37 A. L. R. 437; 1 R. C. L. p. 948; 19 C. J. 274, 275.

But we are now discussing the power of the court to so modify, and not the propriety thereof, and upon the former question this court is now committed to the exercise of such authority.

The views herein expressed are confined, of course, to the case here presented of a consent decree fixing permanent alimony payable in monthly or periodical installments, and concerns no question of vested property interests. What was said therefore in Worthington v. Worthington, supra, was based upon the holding of Gabbert v. Gabbert, supra, since departed from, and is to be considered as modified by our subsequent decisions as herein noted. Under our more recent decisions such a decree is subject to modification upon changed conditions, either to increase or decrease the amount of the allowance as the facts may justify.

The demurrer interposed challenged only the power of the court to hear the petition, and not the sufficiency of its averments otherwise. Our authorities disclose such power, and the court, therefore, correctly ruled in overruling the demurrer. The sufficiency of the averments to present a case for relief as against an apt demurrer interposed thereto, is not here presented, and therefore not proper to be here determined.

■ We have treated such petition in the nature of a supplemental bill and dealt with an appeal from a decree on demurrer thereto as coming within the influence of section 6079, Code 1923 (Worthington v. Worthington, 218 Ala. 80, 117 So. 645); just as we have held

also a final decree rendered thereon justifies an appeal under section 6078, Code 1923. Smith v. Smith, 218 Ala. 701, 120 So. 167.

There was no error in the ruling of the court below, and the decree will accordingly be here affirmed.

Affirmed.

All the Justices concur.