193 So. 171

### BARNETT v. BARNETT.

6 Div. 588.

Supreme Court of Alabama.

Dec. 21, 1939.

Rehearing Denied Jan. 25, 1940.

Arthur Fite, of Jasper, for appellant.

Curtis & Maddox, of Jasper, for appellee.

FOSTER, Justice.

This is a petition to the circuit court, in equity, by the complainant in a former suit in which she obtained a decree of divorce and alimony. The prayer of the petition is that said decree insofar as it fixes the amount of alimony be reopened, and that an increased amount be allowed.

The petition alleges as to that, that defendant was tax collector of Walker County, and that he induced her to believe his maximum net income at the time was his annual salary of $4,000. And upon that belief, and the advice of her pastor who was likewise led so to believe, she made an agreement with him in writing by which her alimony and support allowances should be $6500, payable at the rate of $100 per month for sixty-five months (together with provision for the education of the children). That agreement was made the basis of the decree of the court fixing that amount so payable as the amount of her alimony allowance. Petitioner then alleged that less than thirty days before the filing of this petition, September 19, 1939 (which was some seventeen months after the decree was entered), she learned that defendant's net income was largely in excess of $4,000; that his representation to her was false in that respect. The decree was dated April 30, 1938. That for each of the years of 1936, 1937 and 1938, his net income was approximately $7,000 and more; that his representation was a fraud on the court, by which he procured the decree, as stated.

In an amendment it is alleged that respondent filed a suit in February, 1939, and on June 21, 1939, secured a judgment of the circuit court holding an act of the legislature fixing his salary at $5400 was in violation of the Constitution, and was illegal, so as to entitle him to recover of the county $1620, which he had paid the county in excess of $5400 fixed by the act as his salary for the year ending September 30, 1936.

The Act in question is the Revenue Act of 1935, General Acts 1935, page 336, section 161-A (see, also, Acts 1936–37, Sp. Sess., pages 88, 89), which fixes the compensation of tax collectors at $5400 net until the expiration of their term beginning October 1, 1935, and ending September 30, 1939, after which time their net compensation was fixed at $4,000. (The decree sought to be reopened was dated April 30, 1938.)

The tax collector began a new term October 1, 1939 (section 3045, Code). This petition was filed September 19, 1939. So that pursuant to that Act, his salary is now less than it was when the amount of the alimony allowance was fixed in April 1938.

The claim that the Act fixing his salary at $4,000, beginning October 1, 1939, is unconstitutional, cannot be considered on collateral attack. 4 Ala.Dig., Constitutional Law, ☞46 (1), p. 707; Alabama Power Co. v. Ickes, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374.

The court sustained a demurrer to the bill or petition, and petitioner appeals.

Appellant disclaims an intention of predicating relief as on a bill in the nature of one of review for fraud in procuring the decree based on fraud in obtaining her signature to a contract on which the court acted in entering the decree.

We do not wish to accede to the supposition, that upon sufficient averments of fraud in procuring the contract which induced the decree, the decree was not itself procured by fraud. 13 Ala.Dig., Judgment, ☞443 (1), p. 117; Eskridge v. Brown, 208 Ala. 210, 94 So. 353; Wright v. Wright, 230 Ala. 35, 159 So. 220; Kelen v. Brewer, 221 Ala. 445, 129 So. 23; McGathey v. Thompson, 224 Ala. 163, 138 So. 841; Jones v. Henderson, 228 Ala. 273, 153 So. 214; Graves v. Brittingham, 209 Ala. 147, 95 So. 542.

But that question is not presented by appellant. Her brief so expressly states.

This contention is somewhat similar to that referred to in Worthington v. Worthington, 218 Ala. 80, 117 So. 645, 646, where it was said: "The effort is to show that appellee in making the agreement put into effect by the first decree in the cause * * * was overreached and 'forced' to concur in the agreement by the fraud of appellant." The Court observed that such a decree as this can only be opened for fraud (citing Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214), and that fraud was not sufficiently averred. The alleged fraud was in the fact that on reference to the register it was ascertained that appellant was worth $35,000, upon the basis of which she made the agreement as to the amount of alimony, whereas she avers that he was worth $300,000 to $400,000, most of which was hidden out. The Court declared that the alleged fraud did not suffice to open the decree, which would be to retry the issue then tried before the register.

In the instant case, the agreement was made before the suit was filed, and the decree merely ordered that its provisions be carried out, making it a part thereof.

The case of Gabbert v. Gabbert, supra, had held as stated above. But a later case of Epps v. Epps, 218 Ala. 667, 120 So. 150, held that when the decree provides for the monthly payment of a stipulated sum for support to continue for an indefinite time, the court could modify the amount of such monthly sum when equitable to meet conditions which had materially changed since the date of the decree; and that to do so it was not necessary that the right had been expressly reserved in the decree.

This theory has been consistently followed. Adams v. Adams, 229 Ala. 588, 159 So. 80; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Ex parte Allen, 221 Ala. 393, 128 So. 801.

But the Epps case, supra, did not question the final effect of a decree which made an allowance in gross, though payable in installments for a definite period of time.

The principle of Smith v. Rogers, 215 Ala. 581, 112 So. 190, 193, was different from that in the Epps case, supra, and in Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, and those following them, in that in the latter cases, there was an allowance payable monthly for an indefinite period. While in Smith v. Rogers, supra, the

amount of alimony was fixed in gross, a part of which was payable in thirty days, and the balance in four annual installments.

■ In the instant case, the decree made the agreement of the parties a feature of it, and ordered defendant to perform each and every stipulation in it. That agreement provided for alimony of $6500 in gross, payable at the rate of $100 per month for a period of sixty-five months without interest. It contained other provisions for the education of the children. Whether such a decree may be reopened so as to change the amount to meet conditions which may have changed, it is not necessary to declare, since no change in conditions is alleged to have occurred.

So that so far as is now claimed for the equity of the bill, it is subject to the demurrer interposed, and there was no error in sustaining it.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.