166 So.2d 413

**Louise M. WHITT**

v.

**E. Ralph WHITT.**

**7 Div. 631.**

Supreme Court of Alabama.

July 9, 1964.

Geo. Murphy and Jas. B. Waid, Gadsden, for appellant.

Roy D. McCord, Gadsden, for appellee.

LAWSON, Justice.

The parties to this appeal were divorced March 24, 1960. The decree, a vinculo matrimonii; among other things provided:

"FOURTH: That the Plaintiff [Louise Whitt] is awarded the care, custody and control of the minor child, Ralph Edwin Whitt, Jr. [sic], with the Defendant [Ralph Whitt] granted the right to visit said minor child and to have said minor child visit him at reasonable times and on reasonable occasions.

"FIFTH: The Defendant is ordered to pay to the Plaintiff the sum of $225.-00 per month, said payment being designated as $125.00 per month as alimony for the Plaintiff and $100.00 per month being for support of the said minor child, the first monthly payment being due and payable on or before April 20, 1960 and a like amount of $225.00 per month being due and payable on or before the 20th day of each month thereafter until the further orders of this Court. It is further agreed that in the event the Plaintiff shall receive in the future a retirement disability amounting to $100.00 per month or more, that as of that date, the Defendant's payment of alimony to the Plaintiff will be reduced from $125.00 per month to the sum of $75.00 and that the reduction of $50.00 shall continue in effect until such time as the Plaintiff's retirement disability ceased."

The provisions of the divorce decree set out above are in exact accordance with an agreement of the parties filed in the cause.

Ralph Whitt paid his former wife the sum of $225 each month until she began to draw retirement benefits. The exact date on which she began to draw such benefits is not disclosed but it was apparently within a few months after the divorce. Thereafter Ralph Whitt paid to his former wife the sum of $175 each month, $75 as alimony and $100 as child support until the month of January, 1962. On January 6, 1962, Ralph Whitt suffered a serious heart attack. He did not return to work until about May 4, 1962. He made no payments either for alimony or child support for the months of January through April of 1962.

After his return to work Ralph Whitt resumed the payment of $175 each month to his former wife until the month of April, 1963.

On or about April 18, 1963, the former Louise Whitt married one Lewis. Because of his former wife's marriage to Lewis, Whitt only paid to her in the month of April, 1963, the sum of $100 for child support. He paid no alimony for that month. The payment to be made in April, 1963, was not due until after Louise Whitt's marriage to Lewis. Thereafter Whitt refused to pay the sum of $75 each month as alimony but continued to pay the sum of $100 each month for child support.

On or about July 25, 1963, Ralph Whitt filed a petition to modify the decree of March 24, 1960, wherein he prayed (1) that he be relieved of making any payment for alimony or child support for the months of January through April of 1962 because of his inability to work during those months due to the heart attack; (2) that he not be required to pay to his former wife any money as alimony for the period of time commencing on April 18, 1963, the date of her remarriage; (3) that the amount required by the divorce decree to be paid by petitioner for child support be reduced because of petitioner's decreased earnings.

Following a hearing on the petition for modification, the trial court rendered a decree wherein it was decreed that the petitioner, Ralph Whitt, should pay to his former wife for the months January through April the sum of $350 for alimony and child support for those months rather than the sum of $700 due under the provisions of the divorce decree. In addition to the said sum of $350, Ralph Whitt was ordered to pay to his former wife the sum of $65 as alimony from March 20, 1963, to the date of his former wife's marriage to Lewis. As to the sum of $350 decreed to be due for the months January through April, 1962, the trial court ordered "that no garnishment, execution, attachment or other process should issue" for its collection. It was further decreed that the total of $415 which the court decreed that Ralph Whitt

owed his former wife should be paid "at the rate of $25.00 per month, beginning on the 22nd day of August, 1963." It was further decreed that the petitioner, Ralph Whitt, be relieved of the payment of any alimony as of the date of the remarriage of his former wife on, to wit, April 18, 1963. It was further decreed that in the future Ralph Whitt pay the sum of $75 per month for child support in lieu of the sum of $100 per month for such support.

From that decree Louise Whitt Lewis has appealed to this court.

It is now firmly established in this state that where a decree for permanent alimony is not for a lump sum or otherwise indicative of a division of property merely, but a monthly allowance for the wife's maintenance, running into the indefinite future, and payable if need be from the future earnings of the husband, the court has power to modify the sum because of changed conditions of the parties, whether such power be expressly reserved or not.— Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, overruled in Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214, but reaffirmed in Epps v. Epps, 218 Ala. 667, 120 So. 150. See Colton v. Colton, 252 Ala. 442, 41 So. 2d 398, and cases cited; Williams v. Williams, 261 Ala. 328, 74 So.2d 582; Hartigan v. Hartigan, 272 Ala. 67, 128 So.2d 725; Constantine v. Constantine, 274 Ala. 374, 149 So.2d 262.

It is equally well settled that an agreement of the parties fixing the amount of such alimony becomes merged in the decree and thereby loses the contractual nature at least to the extent that the court has the power to modify the decree when changed conditions so justify.—Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Adams v. Adams, 229 Ala. 588, 159 So. 80.

But a decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reason, and application therefor should be

subjected to a thorough investigation.—Worthington v. Worthington, supra; Colton v. Colton, supra; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905; Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92.

Modification of such a decree can only be ordered on proof of change of conditions of the parties, one or both, as the decree is final as to the conditions existing at the time, since existing conditions are presumed to have been considered upon the rendition of the decree.—Colton v. Colton, supra, and cases cited.

■ The court has the power to make such modification in the amount of child support to be paid in the future as changed conditions may justify.—Scott v. Scott, 265 Ala. 208, 90 So.2d 813; Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212; Ogle v. Ogle, 251 Ala. 623, 38 So.2d 864; Murrah v. Bailes, 255 Ala. 178, 50 So.2d 735; Manery v. Manery, 256 Ala. 441, 55 So.2d 194.

But in this case the court has avoided a part of the installments due for alimony from January through April, 1962, which installments had accrued before the petition to modify was presented. This was beyond his power. These past-due installments had become a debt of record, a vested estate of the wife beyond the power of the court to destroy, whatever the hardship to the petitioner. The trial court's jurisdiction to modify the decree is limited to its prospective operation.—Epps v. Epps, supra, and cases cited; Rochelle v. Rochelle, 235 Ala. 526, 179 So. 825.

■ Likewise, it was beyond the power of the court to avoid a part of the sum due during the months of January through April of 1962 for child support.—Wood v. Wood, 275 Ala. 305, 154 So.2d 661, and cases cited; Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147. The support installments decreed by the divorce decree became final judgments on the dates they became due and were subject to collection as other judgments.—Armstrong v. Green, 260 Ala. 39, 68 So.2d 834.

■ In view of the foregoing, we are constrained to hold that the trial court erred in remitting a part of the installments due for alimony and child support for the months of January through April, 1962, and in ordering that "no garnishment, execution, attachment or other process should issue" for the collection of the part of those installments not remitted or avoided.

■ Remarriage of the wife to one who is able to support her is ground for modification of a divorce decree requiring the husband to pay alimony.—Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Rochelle v. Rochelle, supra. But the decree of modification has only prospective effect. It cannot relieve the husband of paying alimony installments which matured after the remarriage and before action on the petition for modification.—Epps v. Epps, supra. This holding does not conflict with that made on rehearing in Morgan v. Morgan, 211 Ala. 7, 99 So. 185. In that case the first deferred payment became due on July 16, 1919. The petition to modify was filed and acted on before that time. In the time elapsing from the rendition of the divorce decree, the wife had remarried, which was ground to modify. The court prorated the amount of the installment not then due, as of the date of the remarriage. See Rochelle v. Rochelle, supra, where the holding on this point in Morgan v. Morgan, 211 Ala. 7, 99 So. 185, is explained.

In Pope v. Pope, 268 Ala. 513, 109 So.2d 521, we cited and quoted with approval from Morgan v. Morgan, 211 Ala. 7, 99 So. 185, to the effect that a wife's remarriage operates upon her alimony as of the date of her remarriage. In the Pope case, we were not concerned with a question of the right of the husband to relief from payment of alimony following the wife's remarriage and we did not take cognizance of the explanation of the holding in the Morgan case, which is pointed out in Rochelle v. Rochelle, supra, because that question was not involved.

The court erred in relieving Ralph Whitt from the payment of alimony which had

accrued before the decree of modification was rendered and entered.

We have held that the granting or denial of application to modify a decree with respect to alimony because of change in financial circumstances or needs of a party rests in the sound discretion of the trial court, whose action will not be disturbed on review unless that discretion has been abused.—Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92. The same rule applies to action on an application for modification of a decree with respect to child support payments because of change in financial circumstances.

We cannot say that the trial court abused his discretion in reducing the child support payments from $100 a month to $75 a month in view of the evidence going to show the decrease in Ralph Whitt's earnings since his heart attack.

The decree is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.