This is a divorce case.
The Tuscaloosa County Circuit Court terminated the wife's periodic alimony. The wife appeals and we affirm.
The parties were divorced on April 11, 1977, in Tuscaloosa County Circuit Court. In its decree the court awarded periodic alimony to the wife. On March 26, 1979, the husband filed a petition for modification, alleging that the wife was living openly or cohabiting with a member of the opposite sex and asking that the court terminate the provision for periodic alimony pursuant to § 30-2-55, Code of Alabama (1975). The trial court found that the wife was living openly with a member of the opposite sex and modified the original decree to terminate the periodic alimony.
The wife contends that the trial court erred in applying §30-2-55 to a divorce decree entered before the effective date of the statute. In support of this contention she argues through able counsel that retrospective application is not authorized by the language and title of the section and that even if so authorized a retrospective application would violate her right of due process under the United States Constitution.
Initially we would point out that this statute has been amended to specifically authorize its application to divorce decrees granted before its effective date. Act No. 79-241 (Regular Session, 1979). Additionally, we do not believe that the trial court's order operates retrospectively. We have previously stated our position upon the issue in our decision in the case of Parish v. Parish, 374 So.2d 348 (Ala.Civ.App. 1979), cert. denied, 374 So.2d 351 (Ala. 1979). We do not alter that decision.
The wife next contends that § 30-2-55 is invalid as an attempt by the legislature to exercise the judicial power. Alimony is a creation of statute. Although based on the common-law obligation of the husband to support his wife, Davisv. Davis, 279 Ala. 643, 189 So.2d 158 (1966), the court's authority to award alimony upon grant of divorce is entirely statutory. There is no vested right to the future payment of periodic alimony. Hager v. Hager, 293 Ala. 47, 299 So.2d 743
(1974); Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214 (1928). While the legislature may not direct the judiciary in its construction of legislation, the legislature may modify the statutes upon which that authority is based in any reasonable manner. What the legislature giveth, it may taketh away. It is within this legislative power that § 30-2-55 was enacted.
We find no merit in the wife's contention that § 30-2-55
violates the equal protection clause of the United States Constitution. In support of this contention, she argues that although the statute itself is gender neutral, at the time of its passage alimony could only be awarded to wives and therefore could only be terminated as to wives. Thus, she contends, the application of § 30-2-55 violates her right to equal protection of the law. This argument is too nebulous for our understanding. We give it no further discussion.
The wife's final contention is that the husband did not convincingly prove that she was living openly or cohabiting with a member of the opposite sex and that the trial court erred in so finding.
The question of whether the petitioner under this statute has met the burden *Page 1153 
of proof is ultimately a question of fact. Parish v. Parish,supra. There was sufficient evidence before the trial court to justify its finding. The wife admitted, in answer to interrogatories propounded by the husband, that she shared an apartment with one J.P. Leiher. The trial court, based on this admission and other evidence before it, found that the wife was living openly with a member of the opposite sex. Where the trial judge makes factual determinations based upon the evidence and finds the petitioner has met his burden of proof, this court will not substitute its judgment for that of the trial court unless it concludes that the trial court's findings are plainly and palpably wrong. Sutton v. Sutton, 55 Ala. App. 254, 314 So.2d 707 (1975). We reach no such conclusion in this case.
Appellant's request for attorney's fee is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.