MOORE, Judge,
concurring specially.
“Alimony is a creation of statute. Although-based on the common-law obligation of the husband to support his wife, Davis v. Davis, 279 Ala. 643, 189 So.2d 158 (1966), the court’s authority to award alimony upon grant of divorce is entirely statutory. There is no vested right to the future payment of periodic alimony, Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974); Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214 (1928).”
Ivey v. Ivey, 378 So.2d 1151, 1152 (Ala.Civ.App.1979). An Alabama trial court’s authority to award periodic alimony to a spouse following a divorce arises solely from Ala.Code 1975, § .30-2-51 (a), which provides, in pertinent part:
*1098 “If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may-order to a spouse an. allowance out of the estate of the other spouse, taking into consideration the value thereof and the condition of the spouse’s family.”
By its wording, § 30-2-51(a) allows a trial court granting a divorce to award a spouse who is without a separate estate sufficient for his or her maintenance an allowance from the estate of the other spouse.
To come within the purview of § 30-2-51 so as to qualify for consideration of an award of periodic alimony, a spouse must first prove that he or she lacks a sufficient estate for his or her “maintenance.” That is, the petitioning spouse must establish to the satisfaction of the trial court that he or she cannot maintain the marital standard of living, i.e., “the economic status quo,” Orr v. Orr., 374 So.2d 895, 897 (Ala.Civ.App.1979), based on his or her own resources.
In this case, Dawn Elizabeth Rodgers (“the wife”) introduced into evidence an exhibit listing her current living expenses. Among other things, that exhibit detailed the monthly costs for housing, clothing, food, entertainment, and job-related expenses the wife had been incurring since the parties separated in 2012. The wife did not testify that those costs were necessary to enable her to live as she did before the parties separated. In fact, the wife presented no evidence regarding the marital standard of living or the costs incurred by the parties to sustain that standard of living. The dissent argues that the Madison Circuit Court (“the trial court”) should have inferred from other evidence the general marital standard of living, which it describes as “comfortable, but not extravagant,” 231 So.3d at 1100 (Thompson, P.J., dissenting), and implies that the wife had demonstrated that her current expenses were reasonably necessary to continue that way of life. However, a trial court cannot base a factual determination on an inference based on an inference. See Systrends, Inc. v. Group 8760, LLC, 959 So.2d 1052, 1074 (Ala.2006). The burden rests squarely on the petitioning spouse to prove that he or she meets the threshold requirements for periodic alimony, Shewbart v. Shewbart, 64 So.3d 1080, 1087-89 (Ala.Civ.App.2010), so that the trial court does not have to speculate as to whether its statutory authority has been invoked.
Even if the trial court could have determined that the wife’s current expenses approximated the costs of the marital standard of living, the trial court still would have had to decide that the wife could not meet those costs based on her own resources, which would include “her own separate estate, the marital property received as part of any settlement or property division, and ... her own wage-earning capacity.” Shewbart, 64 So.3d at 1088. The divorce judgment awarded the wife three automobiles, one-half of several retirement accounts, and all of her own personal property and financial accounts. Assuming that the wife cannot access the retirement accounts without adverse financial consequences, as she argues in her appellate brief, without citation to the record, see Rule 28(a)(7), Ala.Code 1975, the record fails to disclose the value of the wife’s other assets, which Robert Joseph Roberts (“the husband”) contends could be liquidated in order to eliminate some of the wife’s monthly debts.
The wife testified to a monthly net income of $1,300 to $1,400. However, in considering her financial needs, the trial court was not confined to the wife’s current income but also could consider her ability to earn. See Rockett v. Rockett, 77 So.3d 599, 603 (Ala.Civ.App.2011). Before *1099 the marriage, the wife pursued an accounting degree through her junior year at college. After the parties married, the wife did not complete her education, but she did obtain work in the accounts-receivable department at a pharmaceutical company from which she eventually resigned in Í998. The wife began working again in 2006 as a fitness instructor, one of two part-time jobs she held at the time of trial, the other being as a salesperson at a gymnasium. In 2009, the wife decided that the marriage was over and she began “planning [her] exit”; although she remained in the marital home until 2012 and received financial support from the husband after the parties separated until she filed for a divorce in 2014, the wife did not take any steps to complete her accounting degree or otherwise improve her employment marketability, having applied for only three or four jobs.
None of the wife’s health issues or child-rearing responsibilities would prevent her from working full time. At trial, the wife testified that she was “re-enrolling” in the same university that she had attended in the 1990s to finish her accounting degree. The wife gave various explanations for delaying her return to school, including testifying that she
“wanted to wait until [the divorce] was settled before — so I needed to know -what the financial situation was going to be before I get back in is what my thinking was.”
The husband testified that the wife
“has been riding this thing out, not trying to improve her situation a bit because she can maximize her settlement and then she can try to move on with her life. She said it multiple times. She said it in the courtroom today. She can’t do anything until this is over.”
From that testimony, the trial court could have determined that the wife had refused to complete her accounting degree during the marriage for strategic litigation purposes. The trial court also could have determined that the wife actually had the ability to earn sufficient wages to cover her expenses but was, in essence, voluntarily underemployed. See generally Clore v. Clore, 135 So.3d 264 (Ala.Civ.App.2013) (affirming rehabilitative-alimony award of $800 per month based, in part, on wife’s decision not to seek employment during pendency of divorce).
Moreover, no spouse has a vested right to periodic alimony, even if that spouse contributed to -the financial success of the other spouse during a long-term marriage. See Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). Section 30-2-51(a) makes the determination whether to award periodic alimony a matter of judicial discretion so that a trial court can consider the equities of each individual case. See Shewbart, supra. This court reviews a judgment denying periodic alimony only to correct an abuse of that discretion. Id. At trial, the trial court questioned the parties at length about their financial circumstances. In the divorce judgment, the trial court denied the wife’s claim for periodic alimony. The trial court considered a postjudgment motion filed by the wife in which she asserted that the denial of periodic alimony was in error for the same reasons asserted by the wife in this appeal. The trial court did not state its reasons for maintaining its original judgment denying the claim, but it could have determined that it would be inequitable to award, periodic alimony under the circumstances. Our standard of review requires affirmance of the judgment. '