149 So.2d 262

**Herman D. CONSTANTINE, Jr.**

v.

**Mary W. CONSTANTINE.**

I Div. 876.

Supreme Court of Alabama.

Jan. 17, 1963.

Inge, McMillan & Inge, Mobile, for appellee.

Willis C. Darby, Jr., Mobile, for appellant.

COLEMAN, Justice.

This is an appeal, by the former husband, from a decree granting the former wife's petition to modify decree of absolute divorce by increasing the amount which the former husband was ordered to pay each week for her benefit.

The parties were married in 1936 and lived together until 1946. They had no child. On June 29, 1946, the wife brought suit for divorce and alimony on the ground of cruelty. On July 1, 1946, the husband filed answer denying the allegations of the bill except as to ages, residence, and marriage, and waiving notice of taking testimony and submission.

On July 1, 1946, an agreement, signed by both parties and attested by two witnesses, was filed with the register. The agreement bears date June 28, 1946. The agreement recites that the wife has filed suit for divorce, that the husband has appeared in his own proper person, and further as follows:

"WHEREAS, the parties to said cause have reached an agreement as hereinafter set forth which shall be taken and considered by the Court as being in full and final settlement of all personal and property rights and claims of every kind or character of the said Mary W. Constantine against the said Herman D. Constantine, Jr. and in or to alimony, either pendente lite or permanent, including solicitor's fees;

"NOW THEREFORE the parties to said cause, evidencing their agreement with each other as hereinafter set forth by subscribing their names hereunto, do mutually agree among and bind themselves as follows:

"1. The said Herman D. Constantine, Jr. agrees and binds himself to pay in cash, and the said Mary W. Constantine agrees and binds herself to accept, the sum of $1000.00 in lieu of any interests, right or claim to any sums of money, bonds or other evidences of indebtedness, automobiles, or furniture or fixtures accumulated or acquired by the parties hereto during their marriage and now in the possession or control of the respondent Herman D. Constantine, Jr.

"2. The said Herman D. Constantine, Jr. further agrees and binds himself to pay to the said Mary W. Constantine toward her maintenance and support until her re-marriage or death, unless he, the said Herman D. Constantine, Jr. should sooner die, the sum of $15.00 per week hereafter due and payable on or before Saturday of each week, beginning June 15, 1946. Such weekly sum has been arrived at based on the weekly earnings of said Herman D. Constantine, Jr. averaging $48.00 per week and should his said weekly earnings decrease then the weekly payment herein agreed to be made by him to said Mary W. Constantine shall be correspondingly and proportionately reduced. No lien shall exist or accrue against the said Herman D. Constantine, Jr. or on or against any property he now has or may hereafter acquire, for or on account of such sums to be so paid as herein provided except for and as the direct result of a judgment duly entered for installments past due and unpaid.

"3. Attorney (sic) fees and costs of Court incurred in said cause by said Mary W. Constantine are assumed and accepted as her own individual responsibility free of any liability by him whatsoever, with the exception that said Herman D. Constantine, Jr. agrees and binds himself to pay to the said Mary

W. Constantine the sum of $60.00 in cash immediately toward such attorney's fees and costs of court, should the court award complainant the relief sought by her in said cause.

"4. This agreement shall not become effective and operative unless and until the Court in which said cause is pending shall, upon due and proper proof submitted to it, find and decree that the Complainant in said cause is entitled to an absolute decree of divorce as prayed for in said bill of complaint, and shall so render a decree accordingly and in which event it is hereby understood and agreed that a copy of this agreement may be called to the attention of said court and the pertinent provisions thereof incorporated or referred to in such final decree of said Court.

"5. Upon this agreement going into force and effect in accordance with its terms and the intentions of the parties, and upon delivery of said sums of $1060.00 in cash, together with a sum equal to all weekly payments then accrued and payable, the said Mary W. Constantine shall be and she hereby is, except as to payment of the weekly sums herein above provided for, thereafter for(e)closed of and from any other, further or additional right or claim against the said Herman D. Constantine, Jr., his heirs, executors, administrators or assigns, for support or alimony, dower, homestead or otherwise which has or could in anywise grow out of the marital relation which has existed between them."

On July 8, 1946, the court rendered decree granting absolute divorce and right to remarry. With respect to the agreement and allowance for the wife, the decree recites as follows:

"In accordance with an agreement in writing heretofore entered into between the parties to this cause which is on file herein, it is ordered, adjudged and decreed by the Court that the re-spondent pay forthwith unto Complainant the sum of $1120.00 in cash, which shall be and hereby is decreed to be in full payment, settlement and satisfaction of all claims, rights, demands or liabilities of every nature whatsoever which have accrued or might be owing by the respondent to complainant as a result of their marriage and the resulting complaint in this cause, with the following exception thereto that hereafter the respondent is hereby ordered, adjudged and decreed to pay weekly to the respondent (sic: complainant), as permanent alimony towards her maintenance and support, the further and additional sum of $15.-00 per week with the first such weekly payment to begin on or before July 13, 1946. The aforesaid lump sum of $1120.00 includes, as per the agreement on file, the sum of $60.00 as a contribution towards the solicitor's fees and costs of court incurred herein by complainant, as well as temporary alimony as the rate of $15.00 per week for the four weeks priod ending July 6, 1946.

"No lien shall exist or accrue against the said Herman D. Constantine, Jr., or on or against any property which he now has or may hereafter acquire, for or on account of the weekly sums of permanent alimony to be so paid hereafter as provided herein except for and as the direct result of a judgment duly entered for installments past due and unpaid.

"This Court hereby retains jurisdiction of this cause for the purpose of making such other, further or different orders herein as to the Court might seem meet and proper with reference to the amount and manner of payments of the permanent alimony payable weekly hereafter as hereinabove decreed.

"It is further ordered that complainant pay the costs of this suit, for which execution may issue."

We understand that appellant duly paid the lump sum of $1120.00. In December,

1952, the former wife filed a motion for rule nisi, alleging that the former husband was in arrears in the amount of $45.00 in weekly payments and praying that the payments be increased to $25.00 per week. In March, 1953, decree was rendered finding the former husband in arrears and ordering him to continue to make payments as previously ordered.

The instant proceeding was begun April 1, 1957, by the former wife's petition wherein she alleged a change of circumstances since the 1946 divorce decree. She alleged that she:

> " * *. * has become seriously ill, for several years has been afflicted with Hepatitis of the liver, and is under constant care of a doctor, and regularly incurs large expenses for drugs and medical tests. Respondent has since the rendering of said decree greatly increased his income and net worth.

> "THREE

> "Complainant is impoverished, and is in a great need of an increase of alimony to the sum of $50.00 per week. Complainant is unable to pay her Solicitor for his services incident to this Motion."

On October 6, 1959, an order of submission on the motion to modify was made, and on that date the former husband filed an answer denying "the material allegations" of the motion to modify the 1946 decree. He further alleged, on information and belief, that the former wife is living "in a state amounting to a common law marriage with another man, or is married to him by a ceremonial marriage, or in any event is openly living with such man under the same roof," and that she "engages in repeated and frequent bouts of intoxication and wastes in such manner" the sums previously ordered paid to her. The former husband prays to be relieved from further obligation to pay "alimony."

On October 27, 1959, after hearing testimony ore tenus, the court ordered that the "alimony" payments be increased to $30.00 per week and awarded an attorney's fee of $300.00 for the services of the former wife's attorney in the instant proceeding.

From that decree the former husband has appealed and assigns as error the action of the court: in requiring the former husband to produce in court a copy of his income tax returns for 1956, 1957, and 1958; in granting the petition for an increase in the alimony payments; in refusing to terminate the husband's obligation to pay alimony; and in allowing counsel fees to the former wife.

I.

Appellant has remarried. He and his present wife made joint income tax returns for the years in question. Appellant argues that federal and state income tax returns are confidential and that the court erred in requiring appellant to produce copies of the joint returns for inspection by appellee's solicitor. Appellant argues that the tax returns are privileged under: § 6103, Title 26 U.S.Code; § 419, Title 51, Code of Alabama 1940; and § 5, Constitution of Alabama 1901.

We find no basis for holding that the constitutional prohibition against unreasonable searches and seizures forbids compelling a party to produce his books or papers, including copies of his income tax returns, when they are material and relevant to the determination of a justiciable issue properly before the court. If tax returns be privileged, they must be so because of a statute. The authorities on this question are divided. Baim & Blank, Inc. v. Bruno-New York, Inc., D.C.S.D.N.Y., 17 F.R.D. 346; Currier v. Allied New Hampshire Gas Co., 101 N.H. 205, 137 A.2d 405, 70 A.L.R. 2d 237, and cases cited in the annotation.

We adopt the view that copies of such returns are not privileged. This is not to be taken as approval of indiscriminate exposure of the contents of such returns when production of copies is required. Courts may and should make proper protective or-

ders governing the use of and access to the contents of such returns. In the instant case, the record indicates that copies of the returns were physically present in court but were not admitted in evidence and were not copied in the transcript. We think this was proper in this case.

■ We are of opinion that neither federal nor state statute makes copies of the returns privileged. Probably the best statement supporting this view is as follows:

"As the District Court of Massachusetts said in Tollefsen v. Phillips, 16 F.R.D. 348, at page 349, in passing on the precise issue presented here:

"'* * * The plaintiff asserts that federal tax returns are not reachable by court order because 26 U.S.C.A. § 55 forbids their exhibition to anyone except certain designated persons without presidential order. It is true that if the government should determine that its interests in obtaining the fullest disclosure of pertinent information by taxpayers would be furthered by preventing the use of copies of returns in court, it could so provide. Cf. United States v. Dickey, 268 U.S. 378, 45 S.Ct. 558, 69 L.Ed. 1006. I do not, however, so read the statute. The purpose of § 55 appears to be to prevent wholesale revelation of confidential information to persons not determined to have a legitimate interest therein. The plaintiff, having made his earnings an issue, can scarcely say that they are confidential information in this case.

"'The incidental effect, and perhaps an intended one, of the statute is to exempt the taxing authorities from process. But this does not mean that the taxpayer himself, as plaintiff, is so exempt.

"'If the plaintiff had a complete set of books and records which showed the figures that went into his returns, no one would say that he could not be ordered to produce them. The same information does not, unless the statute be very explicit, become any the less obtainable just because the plaintiff has written it down on a governmental form.'" Kingsley v. Delaware, Lackawanna & Western R. Co., D.C.S.D.N.Y., 20 F.R.D. 156, 158, 159.

■ The petition for modification recites that: "Respondent has since the rendering of said decree (of July 8, 1946) greatly increased his income and net worth." The answer filed by appellant "denied the material allegations" of the petition. Appellant thereby placed the question of his income in issue. The income tax returns shed light on that issue. In the motion to compel appellant to produce, appellee averred that she had been unable to obtain information concerning appellant's income because he was self-employed. We are of opinion that production of copies of appellant's income tax returns was compelled without error.

■ The fact that the returns were made jointly by appellant and his present wife does not alter the case. As we have undertaken to show, copies of the returns are not privileged. Whether the present wife's income be a material issue or not, the husband's income is a material issue. His return sheds light on that issue. The return is not made privileged or incompetent because it includes matter which may not be relevant to the issue. The record of a joint bank account wherein both husband and wife made deposits and withdrawals would be relevant to show the husband's financial status. We do not think such joint record would be privileged or inadmissible merely because it tended also to show the wife's financial status.

II.

■ Appellant appears to concede that, where power to modify a divorce decree is reserved to the court, the court may, on a

sufficient showing of changed circumstances, increase the weekly allowance to the wife. Appellant argues, however, that the court erred in increasing the allowance in the instant case for three reasons which we will discuss according to the order in which appellant has seen fit to argue them.

Appellant argues the following proposition:

"Failure of appellee to call as a witness her regular doctor who was in a position to know the state of appellee's health is evidence of the most convincing character that his testimony would have been adverse to appellee. The failure of appellee to produce receipts for medicine is substantial evidence that no expenditures were made for medicine."

Appellant cites Alabama Power Company v. Talmadge, 207 Ala. 86, 93 So. 548; Carter v. Chambers, 79 Ala. 223.

The only witness who testified as to appellee's present health was the appellee herself. She said that she was in pretty good health when divorced, that she had been ill for the past four years, that during the past two years she had had hepatitis and chronic bronchitis, she was treated in a hospital for ten days about four years ago, she had been in the hospital each year since for about ten days, she has been taking medicine for liver trouble for four years, she also takes nerve medicine, she has been under the care of Dr. Brown for four years, she was confined to a hospital for an operation for about a week, the operation had been performed approximately one month before the trial, her trouble at the time of the hearing was hepatitis and bronchitis, that she is some better but still not well and could not rest at night. Dr. Brown was not called to testify. The appellee did not produce any records to show her expenditures for medicine which, she said, cost twenty dollars per month.

■ The testimony was heard ore tenus by the trial court. He must have be-

lieved appellee's testimony. While it is not as satisfactory as the testimony of the physician might have been, and while appellee's oral statement might have been re-enforced by the production of records to show her expenditures for medicine, we do not think that her testimony is insufficient to support the decree rendered. Under the familiar rule, the decree, being based on testimony taken ore tenus, will not be reversed unless plainly and palpably wrong. Appellant's argument here goes, not to the sufficiency of the evidence, but to its credibility, which was a question for the trial court.

We are of opinion that the decree is not due to be reversed because appellee failed to call her physician to testify and failed to produce documentary evidence to support her statement as to what medicine cost her.

### III.

■ Appellant argues that the court erred in modifying the former decree because the agreement of the parties at the time of divorce was a property settlement and that, under the agreement, "support payments may not be increased," citing Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911.

In Sullivan, supra, the husband and wife made an agreement which provided, among other things, that the husband would pay to the wife, for and during her natural life, $200 per month for her entire support and maintenance, and that the husband would deposit sufficient securities with a trust company to yield the monthly sums. The agreement further recited that the payments therein provided " * * * are in lieu of any alimony or other charges for the support and maintenance * * *." of the wife and that the husband shall be free of the right of dower of the wife in and to any property of the husband. The decree did not reserve to the court the power to modify. After the remarriage of the wife to another man, the husband filed petition to be released from making further monthly payments. On appeal from decree overruling demurrer to the husband's pe-

tition to terminate the payments, this court held that the agreement was a property settlement and not " * * * for *alimony* as such. * * * " and reversed the decree overruling the demurrer. This court rendered a decree dismissing the husband's petition to modify. The opinion states the following rule:

"The allowance in the case at bar will be considered and construed in accordance with its substance and not its mere form. If, when so considered, the effect of the decree rendered was not that of a division of property, but of an allowance of alimony payable by installments for the support of the wife and children, it may be modified. * * And if it be a mere allowance as alimony the power of change is not limited by the fact that the several amounts or installments were fixed by agreement of the parties and approved by the court incorporating the agreement into the . final decree for divorce." (215 Ala. at page 629, 111 So. at page 912)

Although the instant agreement and decree follow those in Sullivan in certain respects, they differ in other respects, and we are of opinion that, in the instant case, the provision for weekly payments was for the support and maintenance of the wife and not for a division of property. The following differences between the Sullivan case and the instant case lead us to that conclusion:

In Sullivan, the agreement recites that the payments were for the wife's "entire support and maintenance." In the instant case, the decree recites that the husband is "to pay weekly to the respondent, as permanent alimony toward her maintenance and support."

In Sullivan, the husband was required to place in trust "sufficient securities to yield the monthly sums." In the instant case, no deposit of property was required or contemplated.

In Sullivan, the agreement recites that the payments to the wife were to continue "for and during her natural life." In the instant case the agreement recites that the husband agrees to pay to the wife "until her re-marriage or death unless he * * * should sooner die."

In the agreement in Sullivan, no reference is made to the future earnings of the husband. Payment is to be assured by deposit of securities regardless of husband's earnings or other income, or death. In the instant agreement, it is stated that the sum to be paid weekly "has been arrived at based on the weekly earnings of" the husband; and, if his earnings decrease, the payments are to be "proportionately reduced."

In Sullivan, the decree did not reserve power to modify. In the instant case, the decree retains jurisdiction to make "different orders * * * with reference to the amount and manner of payments."

We hold that the provision for weekly payments in the instant decree was not for a division of property, but was an "allowance of alimony payable by installments for the support of the wife" and could be modified by the court even though more than thirty days has passed since the date of the decree.

IV.

■ Appellant argues that the decree was erroneous because the evidence offered by the appellee is insufficient to warrant modification of the decree, citing Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905; and Worthington v. Worthington, 218 Ala. 80, 117 So. 645.

We take it that appellant cites Worthington v. Worthington, supra, for the statement in that opinion to the effect that the wife is not entitled to an additional allowance merely because the husband has come into possession of additional property by inheritance since the time the allowance was fixed in the original divorce decree. We

are not disposed to take issue with that proposition but are of opinion that the evidence here shows a change in circumstances other than a mere increase of the husband's income and ability to pay. We have noted above certain parts of appellee's testimony which support a finding that her health had been good at the time of divorce and is now bad. There is further evidence that her only income, in addition to the payments made by the former husband, consists of seventeen dollars per week paid to appellee by her niece either as a gift or as recompense for the services of appellee in caring for the children of the niece. Appellee testified that she went to the hospital about one month before the hearing and that her hospital bill was $300.00. She said that in the previous year, she had spent about $100.00 for hospitalization in addition to the amount covered by Blue Cross insurance. She said further that, if she needs additional money, her sister and two nieces "usually help," that the nieces have to do without a lot of things to help appellee, and that she had not worked in two years since she had to quit "on account of my back." 1946 when she worked two months. She She said she had had no employment since owns forty acres of land in Texas but does not have any income from it. She said she had no other property or income.

The evidence indicates that appellant's income was not less than fifteen thousand dollars per year for 1956, 1957, or 1958.

As we have already noted, this decree is not to be reversed for insufficiency of the evidence unless the decree is plainly and palpably wrong. We are not persuaded that such is the case and are of opinion that appellant's argument based on insufficiency of the evidence is not well taken.

## V.

As we have noted above, appellant filed answer charging appellee with conduct which appellant relies on to relieve him of the duty of making further payments. The only testimony in support of those allegations was that of a detective heard ore tenus by the trial court. Credibility of this witness was a matter for the trial court to decide, and error will not be predicated on the court's evident failure to give credit to this testimony.

## VI.

Appellant argues that the $300.00 allowed for attorney's fee is excessive and that appellee is not entitled to counsel fees at all in this proceeding because all her rights to fees were incorporated in the contract made by appellee and appellant at the time of divorce.

We have already said that the decree made at the time of divorce did not exhaust the power of the court to modify the decree. It follows then that the power to allow additional attorney's fees was not exhausted. Sims v. Sims, 253 Ala. 307, 45 So.2d 25, 15 A.L.R.2d 1246.

This proceeding was begun April 1, 1957. The record indicates one or more hearings in connection with appellee's motion to require production of income tax returns and appellant's opposition to that motion. Testimony, on the merits, was taken October 6, 1959, and the decree appealed from was rendered October 27, 1959. These matters, together with testimony introduced on the hearing to prove the value of the services rendered, lead us to conclude that the allowance is not excessive.

Appellee asks in brief that an additional fee be allowed by this court for services on this appeal. On full consideration of the proceedings here, we are of opinion that the fee allowed in the trial court is sufficient to compensate counsel for his services in this court also.

Error not being shown, the decree is due to be and is affirmed.

Affirmed.

All the Justices concur.