648 A.2d 1067

Kenneth A. ASHTON,

v.

CHERNE CONTRACTING CORPORATION, et al.

No. 64, Sept. Term, 1994.

Court of Special Appeals of Maryland.

Oct. 27, 1994.

88

Lee A. Caplan (Sullivan & Sullivan, P.A. on the brief), Cumberland, for appellant.

Robert C. Erlandson (Michael C. Rosendorf and Lord & Whip, P.A. on the brief), Baltimore, for appellee.

Argued before WILNER, C.J., and MOYLAN and ALPERT, JJ.

ALPERT, Judge.

Kenneth A. Ashton appealed the decision of the Workers' Compensation Commission terminating his vocational rehabilitation benefits and disallowing his claim for additional temporary total disability benefits. Due to Mr. Ashton's failure to comply with an Order to produce his income tax records, his appeal was dismissed by the Circuit Court for Allegany County. This appeal of that dismissal followed. As restated by us for clarity, appellant asks:

I. Did the Circuit Court abuse its discretion in compelling production of appellant's income tax records and return information when such records were filed jointly with his wife, who is not a party to the action, and production of such records would violate the rights and privileges of appellant and his wife?

II. Did the Circuit Court abuse its discretion in dismissing appellant's case based on his failure to produce copies of his income tax returns?

For the reasons hereinafter stated, we shall vacate the judgment of the circuit court and remand for further proceedings.

### Facts and Proceedings

Appellant, Kenneth A. Ashton, filed an appeal in the Circuit Court for Allegany County, contesting an order of the Workers' Compensation Commission that terminated vocational rehabilitation benefits and disallowed a claim for additional temporary total disability benefits. During the discovery phase of the appeal, appellee, Cherne Contracting Corporation ("Cherne"), propounded a set of Interrogatories to Mr. Ashton, among them number 13, which requested: "State the amount reported as earned income in your income tax returns for each of the past five years and the District in which the returns were filed." Mr. Ashton replied to the Interrogatory as follows:

> The claimant respectfully refuses to respond to this Interrogatory. The basis of this refusal is that the income tax returns for each of the past five years were filed by the claimant jointly with his spouse who is not a party to this claim. In an attempt to comply with the spirit and purpose of the discovery rules the claimant is prepared to produce *his* W–2 forms used in connection with the preparation of the income tax returns he filed with his wife for each of the past five years. Once the W–2 forms are located they will be produced.

On March 29, 1993, appellee wrote Mr. Ashton, requesting production of the income tax returns in compliance with Interrogatory No. 13. In his reply on April 13, 1993, Mr. Ashton again declined to produce the income tax records, but did provide the W–2 forms.

On May 25, 1993, appellee filed a motion for an order compelling discovery with respect to Interrogatory No. 13. In

an order dated June 22, 1993, the court granted appellee's motion and ordered Mr. Ashton to produce "the requested tax records" by July 15, 1993.[1]

On July 13, 1993, Mr. Ashton filed a motion and memorandum requesting the court to exercise revisory power over its order to compel discovery. A conference call was held by the court on July 26, 1993, at which time the court orally ordered Mr. Ashton to produce the income tax records, under seal, to either appellee or to the court for an *in camera* review. Mr. Ashton refused to comply with the court order and on August 5, 1993, appellee moved for sanctions for failure to comply with the order. The motion for sanctions was granted on August 12, 1993, and it was ordered that Mr. Ashton had until September 1, 1993, to produce "income tax records ... to *either this court for an in camera inspection* or to counsel for the Employer/Insurer...." (Emphasis added.) Mr. Ashton failed to produce the records and appellee again moved for sanctions on September 14, 1993. This motion was granted on September 15, 1993, and the court dismissed Mr. Ashton's appeal from the Workers' Compensation Commission's order. This appeal followed.

Because the parties to these proceedings and the trial judge construed the subject Interrogatory to require production of Mr. Ashton's joint income tax returns, in the interest of judicial economy (in part) so shall we but only for the purposes of this appeal and for the guidance of the trial court on remand.

## Discussion

### I.

Appellant, Mr. Ashton, contends that the Circuit Court abused its discretion when it ordered him to produce his income tax returns because income tax returns are privileged, and as such, are not discoverable. Appellee counters that Mr.

---

1. Somehow "earned income," as requested in the interrogatory, became transmogrified first into "income tax returns" and subsequently into "tax records."

Ashton's income tax returns are relevant to his workers' compensation appeal, enjoy no enumerated privilege, and, therefore, are discoverable.

This case presents a potential issue that the Maryland courts have not addressed before—whether an individual tax-payer may be forced to disclose copies of his income tax returns, jointly filed with a non-party, during discovery. Md. Rule 2–402 sets forth the scope of discovery, providing:

> Unless otherwise limited by order of the court in accordance with these rules ... [a] party may obtain discovery regarding any matter, not privileged, ... if the matter sought is relevant to the subject matter involved in the action.... It is not ground for objection that the information sought ... will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Under this rule, an individual's tax returns would appear to be discoverable, provided they are relevant to the subject matter of the action and they are not privileged, irrespective of whether the tax returns would be admissible at trial of the case.

### Privileges With Respect to Tax Returns

The circuit court was not in error, however, in rejecting appellant's argument that tax returns are privileged and therefore, not discoverable. Mr. Ashton argues that because his tax returns were filed jointly with his wife, who is not a party to the action, the lower court erred in compelling discovery of these returns in violation of both his and his wife's privileges and rights. Appellee contends that the tax returns are not privileged and, further, Mr. Ashton does not have standing to assert Mrs. Ashton's claim, in absence of her intervention in the action.

We hold that federal and state tax returns are not privileged, and, provided they are relevant, they are discoverable. Privileges pertaining to federal income tax returns are addressed by federal statute, and several state statutes speak

to the privileges relating to state income tax returns. Mr. Ashton contends that his federal income tax returns are privileged under 26 U.S.C. sections 6103 and 7213(a). Section 6103 provides generally that returns and return information shall be kept confidential by any officer or employee of the United States, with certain exceptions that are inapplicable to this case. Section 7213 makes it unlawful for any United States officer or employee to disclose any return or return information.

Mr. Ashton's reliance on these statutes to support his claim that his federal tax returns are privileged is misplaced for several reasons. First, at issue in this case is whether Mr. Ashton, the taxpayer, can be forced to disclose his personal tax returns; the statutes he relies upon deal specifically with whether tax information may be disclosed by *government employees*. Second, in *Stokwitz v. United States*, 831 F.2d 893 (9th Cir.1987), *cert. denied*, 485 U.S. 1033, 108 S.Ct. 1592, 99 L.Ed.2d 907 (1988), the Court rejected the argument made by the plaintiff therein, who, like appellant, contended that 26 U.S.C. section 6103 should be read to protect a taxpayer from disclosing income tax information. In that case, the lower court had found that

> section 6103 was not enacted to prevent government employees from obtaining information from the taxpayer directly through such means as civil discovery or a search warrant.... [The court] 'was convinced that return and return information in the taxpayer's hands are subject to no greater protection than other private papers in taxpayer's possession.'

*Id.* at 894. The Ninth Circuit Court of Appeals agreed, reading the statute as a whole and looking to the legislative history behind it. *Id.* Holding that "section 6103 applies only to information filed with and disclosed by the IRS," the Court found that the statute was only directed at government employees and officers who had possession of returns and return information as a result of materials being filed by or on behalf of the taxpayer. *Id.* at 897. Further, the Court held that the

statute was not intended to be a general prohibition against public disclosure of tax information. *Id.* at 896.

Mr. Ashton also argues that his state tax returns are privileged and exempt from discovery. He asserts that any privilege with regard to the state tax return must be governed by Pennsylvania law,[2] but he also cites the similar Maryland statute[3], dismissing it as inapplicable.[4] Appellee disagrees with Mr. Ashton's reliance on both the Maryland and Pennsylvania statutes, because, like the federal statute, they only provide for nondisclosure of tax information by current or former officers, agents, or employees of the government, not by the taxpayer himself. We agree with appellee.

There is no specific privilege in Maryland that protects state income tax returns from disclosure by a taxpayer, nor has any Maryland decision rendered tax returns privileged. Since Maryland law is silent on this point, we must look to cases in other jurisdictions to decide this issue. On the other hand, we find no Maryland statute or case law to the contrary. Courts in both California and Massachusetts have read state statutes that prohibit tax officials from disclosing tax return information as also making tax returns privileged in the hands of taxpayers. *See e.g., Brown v. Sup. Ct. of San Francisco,* 71 Cal.App.3d 141, 139 Cal.Rptr. 327 (1977) (interpreting a statute that prohibits tax officials from disclosing tax return

---

**2.** Appellant is and was a resident, during all the relevant times covered by the discovery requests, of the Commonwealth of Pennsylvania. 72 Pa.Stat.Ann. section 7353(f) states:

It shall be unlawful for any officer, agent or employee of the Commonwealth to divulge or to make known in any manner whatever, not provided by law, except for official purposes, to any person, the amount or source of income, profits, losses, expenditures or any particular thereof set forth or disclosed in any return.

**3.** Md.Code Ann., Tax–General, section 13–202 (1994) provides:

Except as otherwise provided in this subtitle, an officer, employee, former officer, or former employee of the State or of a political subdivision of the State may not disclose, in any manner, any tax information.

**4.** The result in this case would be the same under either the Pennsylvania or Maryland statute.

information to extend to taxpayers; the privilege is not nullified simply by demanding the information from the taxpayer directly); *Goto v. Goto*, 187 Cal.App.2d 594, 10 Cal.Rptr. 14 (1960) (holding that the lower court erred both in requiring production of copies of the defendant's income tax returns and in receiving the returns into evidence over objection); *Webb v. Standard Oil Co.*, 49 Cal.2d 509, 319 P.2d 621 (1957) (holding that tax returns are privileged under the statutes that prohibited the tax board and employees from disclosing any information and this privilege should not be nullified by allowing third parties to obtain the information by demanding copies of the returns); *Leave v. Boston E.R. Co.*, 306 Mass. 391, 28 N.E.2d 483 (1940) (inquiry of a taxpayer as to his state income tax returns was impermissible under a state statute prohibiting disclosure of information in returns by tax officials).

The majority of jurisdictions, however, have held the converse; statutes that provide for nondisclosure of tax return information by government employees do not preclude disclosure by the taxpayer himself. *See Thesman v. Dooley*, 270 Or. 37, 526 P.2d 563 (1974); *Schriock v. Schriock*, 128 N.W.2d 852 (N.D.1964); *United States ex rel. Carthan v. Sheriff, City of New York*, 330 F.2d 100 (2d Cir.1964), *cert. denied*, 379 U.S. 929, 85 S.Ct. 323, 13 L.Ed.2d 341; *Constantine v. Constantine*, 274 Ala. 374, 149 So.2d 262 (1963); *Application of Second Additional Jury*, 234 N.Y.S.2d 64 (1962); *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757 (Mo.1960). For example, in *Thesman*, 526 P.2d at 567, the Oregon Supreme Court stated: "The rule is almost universal that it is discretionary with a court in which a civil action is pending to require one party to produce a copy of a federal or state tax return for inspection by an adverse party in a discovery proceeding." *Id.* at 567.

> Moreover, although tax returns ... are made confidential within the government bureau, Internal Revenue Code of 1954, §§ 6103, 7213(a), copies in the hands of the taxpayer are held subject to discovery.

*Id.* (quoting *St. Regis Paper Co. v. United States* 368 U.S. 208, 218–219, 82 S.Ct. 289, 295–96, 7 L.Ed.2d 240 (1961)). The court agreed

with the majority of jurisdictions that hold that statutes such as ORS 314.835 [5] are intended to prevent *government officials* from disclosing information from a tax return except as provided by the statute. They do not prevent a trial court in a proper case from ordering a party to the litigation to produce copies of his tax return.

*Id.* 526 P.2d at 567 (emphasis in original).

The Supreme Court of North Dakota, in *Schriock v. Schriock,* 128 N.W.2d 852, 863 (N.D.1964), also concluded that state income tax returns were not privileged under a statute providing that employees may not divulge information except under proper judicial order. The Court declared that tax returns were available in litigation when ordered by the court, provided the information found within the returns was relevant to the subject matter involved in the action. *Id.*

Additionally, the Second Circuit and the New York Supreme Court both found that disclosure of tax returns by a taxpayer himself is not an unauthorized disclosure under a New York statute forbidding disclosure by employees of the tax department and government. In *United States ex rel. Carthan v. Sheriff, City of New York,* 330 F.2d 100 (2d Cir.1964), *cert. denied,* 379 U.S. 929, 85 S.Ct. 323, 13 L.Ed.2d 341, the Second Circuit found that

> [t]he disclosure of tax returns which is forbidden by both federal and state law to protect the integrity of the tax reporting and collecting system is an unauthorized disclosure of the filed returns, directed primarily against employees of the government in the taxing departments. Disclosure by the taxpayer himself of his copies of returns is not an unauthorized disclosure, even if it is made by reason of legal compulsion.

*Id.* at 101. *See also, Application of Second Additional Grand Jury,* 234 N.Y.S.2d 64 (1962). Similarly, the Missouri Court of

---

**5.** Or.Stat.Ann. 314.835 provided generally that officers or employees of the Department of Revenue were prohibited from divulging information on tax returns.

Appeals in *State ex rel. Boswell v. Curtis*, 334 S.W.2d 757, 762–63 (Mo.1960) held that there is no absolute privilege with respect to copies of income tax returns in favor of the taxpayer against the valid process of a court engaged in a proper inquiry within its jurisdiction, despite a statute relating to the confidentiality of tax return disclosure by tax officials.[6] Finally, the Supreme Court of Alabama was faced with an appellant in a divorce case who argued that his tax returns were privileged under state and federal law because they were filed jointly with his second wife. *Constantine v. Constantine*, 149 So.2d 262, 266–67 (Ala.1963). That court also held that "neither federal nor state statute make [sic] copies of [tax] returns privileged." *Id.* at 266–67. We note that the Supreme Court of Alabama went even further in that case, holding that

[t]he fact that the returns were made jointly by appellant and his present wife [did] not alter the case. As we have undertaken to show, copies of the returns are not privileged. Whether the present wife's income be a material issue or not, the husband's income is a material issue. His return sheds light on that issue. The return is not made privileged or incompetent because it includes matter which may not be relevant to the issue. The records of a joint bank account wherein both husband and wife made deposits and withdrawals would be relevant to show the husband's financial

---

6. Appellant cites *State ex rel. Caloia v. Weinstein*, 525 S.W.2d 779 (Mo.Ct.App.1975), as an additional case wherein the court decided that a statute prohibiting employees of the tax department from disclosing tax information also applied to disclosure by a taxpayer. [Appellant's brief at 9]. In that case, however, the Missouri Court of Appeals was faced with the issue of whether the constitutional privilege against self-incrimination is available to prevent disclosure of income tax returns in a civil case at the discovery stage. *Id.* at 780. The court stated that "[g]enerally, there is no absolute privilege with respect to copies of income tax returns in favor of the taxpayer against the valid process of a court engaged in a proper inquiry within its jurisdiction." *Id.* (citing *Curtis*, 334 S.W.2d at 762). Under the facts of the case in front of it, however, the court went on to hold that petitioners did not have to disclose their tax returns because those returns could possibly have been incriminating. *Id.* at 782. This case does not stand for the proposition that tax returns are absolutely privileged in the hands of taxpayers, and is clearly distinguishable from the case before us today.

status. We do not think such joint record would be privileged or inadmissible merely because it tended also to show the wife's financial status.

*Constantine,* 149 So.2d at 267. We are not willing to extend our holding this far in the case *sub judice,* as we are not bound by Alabama law. We agree that the tax returns are not privileged, but we do not agree that irrelevant portions of the tax return are discoverable.

We agree with the majority of states and hold that neither federal nor state tax returns are privileged from disclosure by the taxpayer. The reasoning used by the Second and Ninth Circuits and the courts in Alabama, Missouri, New York, North Dakota, and Oregon is persuasive. Since neither the Maryland nor Pennsylvania statutes cited by Mr. Ashton specifically extend a privilege to tax returns in the hands of taxpayers, we refuse to read that privilege into the statutes. Thus, tax returns do not enjoy a privilege in the hands of the taxpayer, and are subject to discovery if they are relevant. Here, the information in the tax returns that is specific to Mr. Ashton's income and wages is relevant, and may be discovered by appellee. Whether the portions of the returns pertaining to Mrs. Ashton's income are also relevant would be a matter to be determined before the entire return or sections relating to Mrs. Ashton would be discoverable. Portions that are not relevant should be redacted.

### Relevance of the Tax Returns

Mr. Ashton appeals the Workers' Compensation Commission's decision to terminate his vocational rehabilitation benefits and disallow his claim for additional temporary total disability benefits. The circuit court was responsible for determining whether Mr. Ashton's tax returns, which were filed jointly with his wife, were relevant to the issues in this appeal. Section 9–672 of the Maryland Code Labor Article provides for vocational rehabilitation benefits "[w]hen a covered employee is disabled from performing work for which previously qualified as the result of an accidental personal

injury." Md.Code Ann., Labor & Empl. Art. § 9–672 (1991). Furthermore, section 9–621 provides that

> if a covered employee is temporarily totally disabled due to an accidental personal injury . . . the employer or its insurer shall pay the covered employee compensation that equals two-thirds of the average weekly wage of the covered employee . . . for the period that the covered employee is temporarily totally disabled.

Md.Code Ann., Labor & Empl. Art. § 9–621 (1991).

In *Miller v. Western Electric Co.*, 310 Md. 173, 528 A.2d 486 (1987), the employer appealed the award of permanent partial disability benefits by the Workers' Compensation Commission. The Court of Appeals found that post-injury wages were directly relevant to the issue of actual incapacity in that occupational disease case. *Id.* at 187–88, 528 A.2d 486. Here too, Mr. Ashton's post-injury wages are relevant. His tax returns for the period in which benefits are claimed contain information that directly pertains to his ability to perform the type of work for which he was previously qualified and to his overall ability to work.

Because Mr. Ashton refused to submit the tax return in camera, the circuit court was denied the opportunity to inquire as to whether the portion of the tax returns dealing with Mrs. Ashton's earnings and/or expenses were relevant to Mr. Ashton's appeal. If the subject interrogatory had actually called for the production of tax returns, then a determination of relevance would have been necessary and appropriate.

## II.

Mr. Ashton further contends that the Circuit Court abused its discretion in dismissing his appeal based on his failure to comply with the order to produce copies of his income tax returns. Appellee argues that dismissal was justified due to appellant's failure to comply with the court order.

In one respect, Mr. Ashton is correct. Inadvertently, the able and experienced trial judge was caught up in the web of confusion that, unfortunately, had been created by counsel.

The subject interrogatory sought only to discover "the *amount* reported as earned income in your income tax returns for each of the past five years." It did not call for the production of income tax returns as apparently contemplated for the first time in "Claimant's Motion Requesting the Court to Exercise Revisory Power Over Its Order to Compel Discovery" and the Memorandum in support thereof.

Thereafter, in the "Response to Claimant's Motion Requiring the Court to Exercise Revisory Power Over its Order to Compel Discovery," the employer/insurer compounded the error by arguing for the discoverability of Ashton's tax returns. Again, in their Motion for Sanctions, the employer/insurer sought the production of "income tax records." Ultimately, the court dismissed the case pursuant to the employer/insurer's Motion for Sanctions because "the claimant has failed to produce said income tax records to either this court or to counsel for the employer/insurer."

We cannot say that the court abused its discretion when it was inadvertently led down a path into a technical quagmire. Functionally, the court never exercised its discretion with regard to the interrogatory originally propounded and, thus, should not have dismissed the case where the Motion to Compel and sanctions pursuant thereto did not address the very subject of discovery. In the interest of fairness and justice, we shall return the parties to "Square One." The trial court, upon remand, shall rule upon the claimant's answer to the subject interrogatory and the employer/insurer's motion with respect to that answer.

JUDGMENT VACATED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID ½ BY APPELLANT AND ½ BY APPELLEES.