727 A.2d 444

**Kimberly A. (Sanford) ROLLEY**

v.

**James Leonard SANFORD.**

**No. 972 Sept. Term, 1998.**

Court of Special Appeals of Maryland.

April 12, 1999.

Naji P. Maloof, Upper Marlboro, for Appellant.

Russell P. Butler (DiTrani & Butler, LLC, on the brief), Camp Springs, for Appellee.

Argued before EYLER, KENNEY and PAUL E. ALPERT (Ret., specially assigned), JJ.

PAUL E. ALPERT, Judge (Ret., specially assigned).

Appellant, Kimberly A. (Sanford) Rolley, filed a Petition for Increase of Child Support in the Circuit Court for Prince George's County against appellee, James Leonard Sanford. During discovery, Rolley refused to answer some of Sanford's interrogatories, and failed to provide certain documents he requested. Accordingly, Sanford filed a motion for sanctions against Rolley. The circuit court refused to grant the relief requested by Sanford, but it ordered Rolley to provide the relevant discovery. In spite of that order, however, Rolley failed to provide the requested discovery; at a hearing on the merits of the case before a Domestic Relations Master, Sanford asked that Rolley's petition be dismissed. The Master subsequently recommended that Rolley's petition be dismissed for failure to provide the requested discovery. Rolley filed exceptions to the Master's recommendations. After a hearing,

however, the circuit court issued an order adopting those recommendations.

## ISSUES

Rolley raises three issues, which we consolidate, reorder, and rephrase:

I.  Did the circuit court err when it ordered Rolley to produce, during discovery, all of her tax returns since 1990?

II.  Did the circuit court err when it dismissed Rolley's petition on the ground that she failed to comply with the order compelling discovery?

Sanford, in turn, raises the following issue, which we rephrase:

III.  Whether Sanford is entitled to costs and reasonable expenses, including attorney's fees, pursuant to Rule 1–341?

## FACTS

Rolley and Sanford were once married and had two children: Jamie Sanford (born on December 4, 1985), and Jesse Sanford (born on August 24, 1987). The couple divorced in 1991; the relevant divorce order required Sanford to pay Rolley $350 per month in child support.

On May 8, 1996, Rolley filed a petition in the Circuit Court for Prince George's County, alleging that Sanford's income had increased and asking that he be ordered to pay more per month in child support. During the discovery that followed, Sanford asked Rolley to produce "[c]opies of all federal and state personal or business income tax returns, including all W–2 statements and schedules attached thereto, for the years 1990 through the present." Sanford also propounded the following interrogatories upon Rolley:

State the full name of any person who currently resides or has resided during the past seven (7) years either full or part time at your home address, the reason that they reside(d) at your address, the starting and ending dates of

the resident, work telephone number, date of birth, and social security number.

State the full name, date of birth, and social security number of all your natural, step, adopted or foster children and of any person for whom you act as guardian or custodian; their residential address; the names, home and work addresses and telephone numbers of the natural and adopted parents, guardians or placing agency; and the source and amounts of any payments which you make or receive in their name or on their behalf.

Please describe your educational background including your post high school education and training; all degrees earned and the institution(s) conferring such degree(s), the date(s), of such degree(s), and all professional organizations and associations to which you belong or have belonged from 1989 to present.

Please itemize in detail, by completing and attaching to your Answers a Financial Statement, (1) on a monthly basis your current income (including governmental or military benefits, alimony, child support and unearned income); (2) on a monthly basis your current expenses, noting whether or not you are legally liable for each and, if you are not liable, why you are paying the expenses; (3) any assets in which you have any legal or equitable interest, however titled, noting the location thereof and name, address and telephone number of the titled owner; and (4) liabilities for which you are legally responsible.

For any current asset or debt, please state when said item was acquired, the value of said item, how titled or held, [sic] any person jointly or severally liable for said asset or debt.

List all sources of income from other persons residing in your household for the last six (6) years.

Give a complete description, legal and post office, of each parcel of real property in which you currently have or have had within the past six (6) years, any interest, legal or equitable, listing the owner(s) of record of each parcel, the

location of each of same, the date and method of acquisition of same, the estimated fair market value of same, the balance due on any debt or liability encumbering said property, a description and estimated value of your interest in said property, all rental or other income you or anyone on your behalf receives in connection with said property.

Please state each alleged change of circumstances for allowing an increase in child support.

For each circumstances [sic] described in your answer to [the previous question], please state all known facts regarding said allegation.

Please state the current visitation requirements between the parties.

If you have failed to provide visitation as required under the existing court order, please detail the date of said refusal and any reason for said refusal.

Rolley refused to produce the tax returns and failed to give complete answers to the listed interrogatories. As a result, on May 19, 1997, Sanford filed a motion for sanctions, in which he asked that Rolley's petition be dismissed. The circuit court subsequently issued an order requiring Rolley to respond to the relevant document request and interrogatories by July 25, 1997. Rolley filed a motion for reconsideration of that order, which was denied.

On August 26, 1997, a hearing on the merits of Rolley's petition was held before a Domestic Relations Master. At the time of the hearing, Rolley still had not complied with the order compelling discovery; at the beginning of the hearing, Sanford moved to dismiss Rolley's petition because of her failure to comply with the order. The Master agreed with Sanford and issued a recommendation that Rolley's petition be dismissed because of her failure to comply with the order to compel.

Rolley filed exceptions to the Master's recommendation, and the circuit court held a hearing on those exceptions. The court then issued an order adopting the Master's recommendation.

## DISCUSSION

### I.  Order Compelling Discovery of Tax Returns

Rolley argues that the circuit court erred when it ordered her to produce, in response to one of Sanford's discovery requests, all of her "federal and state personal or business income tax returns[.]"[1]  We disagree.[2]

■ Rolley's primary objection to producing the returns revolves around their relevance to the disposition of her petition.  The problem with this assertion is that a threshold question in a child support modification case is whether there has been "a 'material' change in circumstances, needs, and pecuniary condition of the parties from the time the court last had the opportunity to consider the issue." *Kierein v. Kierein*, 115 Md.App. 448, 456, 693 A.2d 1157 (1997). *See also* Md.Code Ann. § 12–104(a) (1991 Repl.) of the Family Law Article.  The disputed tax returns would certainly demonstrate whether there has been such a change in circumstances on Rolley's part.  Thus, the returns are clearly relevant, *See* Md. Rule 5–401 (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"), and they must be produced.  *See* Rule 2–402(a) (stating that "[a]

---

1.  In her brief, Rolley also objects to the part of the circuit court order requiring her to provide social security numbers of persons with whom she has resided over the past seven years.  During the hearing on the Master's recommendation, however, Sanford's attorney specifically waived his client's right to those numbers, stating: "[W]e are not talking about Social Security numbers ... This is not about Social Security numbers, it's about tax returns."  Thus, Sanford is not entitled to those social security numbers, and we need not address the issue raised by Rolley.

2.  In his brief, Sanford argues that Rolley has failed to preserve this issue for our review.  He claims that during the proceedings below, Rolley never raised the specific points—relevance and privilege—she now raises in her brief.  A review of the transcript of the circuit court hearing on Rolley's exceptions to the Master's recommendation, however, demonstrates clearly that Rolley did raise these points below.  Thus, Sanford's argument is entirely without merit.

party may obtain discovery regarding any matter, not privileged, including the existence, description, nature, custody, condition, and location of any documents or other tangible things ..."; also stating that "[i]t is not ground for objection that the information sought ... will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence").

Rolley also objects to production of the returns on the ground that they reveal financial information about her current spouse. This very issue was addressed by this Court in *Ashton v. Cherne Contracting Corporation*, 102 Md.App. 87, 648 A.2d 1067 (1994). There, we held that jointly-filed federal and state tax returns are not privileged and are discoverable if relevant. *Id.* at 92, 648 A.2d 1067. We also held that portions of the returns that are not relevant may be redacted. *Id.* at 98, 648 A.2d 1067.[3] Thus, Rolley must produce the returns. But to the extent that they disclose irrelevant financial information about her or her spouse, that information may be redacted prior to disclosure.

## II. Dismissal

Rolley also argues that the circuit court committed reversible error when it dismissed her petition because of her failure to comply with the order compelling discovery. We agree.

Under Rule 2–433(b), "[i]f a person fails to obey an order compelling discovery, the court, upon motion of a party and

---

**3.** In other jurisdictions, discovery of joint tax returns is allowed and even compulsory. Quoting the language in their rules of discovery that are substantially similar to Maryland's rules, "the amount of a subsequent spouse's monetary contribution must be considered when computing a parent's weekly gross income ... [and] the return is relevant and discoverable." *Van Meter v. Zimmer*, 697 N.E.2d 1281, 1284 (Ind.Ct.App.1998) (citation omitted). The court went on further to set out a permissible procedure to facilitate the fair discovery of relevant joint tax return information. *Id.* In New York, the disclosure of the joint tax returns is compulsory and, furthermore, "the court is entitled to consider a spouse's equitable, if inchoate, interest in property and income acquired during marriage." *Benson v. Benson*, 108 Misc.2d 892, 439 N.Y.S.2d 83–85 (N.Y.App.Term.1981).

reasonable notice to other parties and all persons affected, may enter such orders in regard to the failure as are just. . . ." The remedies contemplated by this rule are left to the discretion of the court and cannot be overturned absent an abuse of that discretion. *Billman v. State of Maryland Deposit Insurance Fund Corporation,* 86 Md.App. 1, 8–9, 585 A.2d 238, *cert. denied,* 502 U.S. 909, 112 S.Ct. 304, 116 L.Ed.2d 247, 323 Md. 1, 590 A.2d 158 (1991). A decision constitutes an abuse of discretion if it is "well removed from any center mark imagined by the reviewing court and beyond the fringe of what that court deems minimally acceptable." *North v. North,* 102 Md.App. 1, 14, 648 A.2d 1025 (1994).

Here, we agree with the circuit court that Rolley's refusal to provide the relevant tax returns or to answer adequately the cited interrogatories is very serious. Nevertheless, this case ultimately involves not Rolley but the welfare of her two children by Sanford. For this reason, the dismissal of Rolley's petition—an extreme sanction—is well removed from any center mark we can imagine and beyond the fringe of what we deem minimally acceptable. *See Early v. Early,* 338 Md. 639, 659 A.2d 1334 (1995).

Where there exists a discovery violation in a child support matter, as always, the best interest of the child is paramount and a trial court must exhaust every available remedial step to enforce discovery before the extreme sanction of dismissal may be ordered. We shall not suffer the obdurate conduct of a recalcitrant parent, stepparent, or custodian to deprive children of their right to adequate support.

For this reason, we will vacate the dismissal of Rolley's petition and remand the case for further proceedings. In those proceedings, Rolley shall comply with the circuit court's July 3, 1997 order requiring her to provide the relevant tax returns and to answer the cited interrogatories [4]. Once she

---

4. As we noted in footnote 1, however, Rolley does not have to provide the social security numbers of the persons with whom she has lived over the past seven years.

has provided the relevant discovery, the merits of the case should be re-heard. If Rolley continues to refuse to provide the missing discovery, the circuit court may hold her in civil contempt, pursuant to the provisions of Title 15, Chapter 200 of the Maryland Rules. *See* Md. Rule 2–433(b) (stating that, upon a failure of a party to comply with an order compelling discovery, "[i]f justice cannot otherwise be achieved, the court may enter an order ... treating the failure to obey the order as a contempt").

### III. Sanctions Under Rule 1–341

Finally, Sanford argues that he is entitled to costs and reasonable expenses, including attorney's fees, under Rule 1–341 because this appeal was filed in bad faith and without substantial justification. Rule 1–341 reads:

> In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

In light of our ruling on the second issue raised by Rolley, we do not believe that her appeal was filed in bad faith or without substantial justification. Thus, we deny Sanford's request.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED IN PART AND VA-CATED IN PART. CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID ½ BY ROLLEY AND ½ BY SAN-FORD.**