941 A.2d 493

**Carol MacPHAIL**

v.

**COMPTROLLER OF MARYLAND.**

**No. 2612, Sept. Term, 2006.**

Court of Special Appeals of Maryland.

Feb. 4, 2008.

116

Carol MacPhail, Reistertown, for appellant.

Gerald Langbaum, John K. Barry, Annapolis, Douglas F. Gansler, Atty. Gen., for appellee.

Panel HOLLANDER, BARBERA, WOODWARD, JJ.

BARBERA, J.

This appeal requires us to construe certain provisions of the Maryland Public Information Act ("MPIA" or "Act"), Maryland Code (1984, 2004 Repl.Vol.), § 10–612 *et seq.* of the State Government Article ("S.G."). Appellant, Carol MacPhail, requested under the MPIA that appellee, the Comptroller of Maryland ("Comptroller"), disclose a copy of the Maryland tax return that was filed by her late mother's estate. The Comptroller denied the request, stating that the MPIA has a mandatory exception to its disclosure policy for those records that other Maryland statutes protect from disclosure. Included among those statutes is Maryland Code (1988, 2004 Repl. Vol.), § 13–202 of the Tax–General Article ("T.-G."), which

prohibits the disclosure of "tax information," including tax returns.

Appellant challenged the Comptroller's denial of her request in the Circuit Court for Baltimore County.[1] The court upheld the Comptroller's decision, prompting this appeal. Appellant presents four issues for our review, which we have recast as two:

I. Whether the court erred in denying appellant's MPIA request for the 1984 tax return for appellant's late mother's estate.

II. Whether the court erred by requiring appellant to carry the burden of proof of entitlement to disclosure of records requested under the MPIA.

Finding no error, we affirm the judgment.

## FACTS AND PROCEEDINGS

On May 9, 2006, appellant faxed a letter to the Comptroller requesting, pursuant to the MPIA, "a copy of the original Maryland Estate Tax Return for [her] late mother's estate" that was filed with the Comptroller on January 6, 1984. The Comptroller denied the request by letter dated June 14, 2006, stating, "pursuant to the Annotated Code of Maryland, Tax–General § 13–202 and § 13–203, disclosure of tax information is prohibited except in accordance with a proper judicial order or a legislative order."

Appellant filed, pro se, a "Petition for Judicial Review" in the Circuit Court for Baltimore County, stating that the Comptroller denied her request: "(a.) without giving a reason under MPIA for the denial; (b.) without providing the legal basis under MPIA for the denial; and (c.) without advising Petitioner about the remedy under MPIA to challenge the denial." The Comptroller did not file a timely response, prompting appellant to file a Motion for Default Judgment. The Comptroller responded before entry of default judgment,

---

1. S.G. § 10–623(a) provides for judicial review of the denial of a request for records under the MPIA.

explaining that it was required to deny appellant's MPIA request because inspection would be contrary to the tax statute that generally prohibits disclosure of tax returns. The circuit court denied the Motion for Default Judgment.

On December 21, 2006, the court held a hearing on the Petition for Judicial Review. Appellant appeared at the hearing unrepresented by counsel. She framed the issue as "whether the Comptroller sustains his burden under the Maryland Public—[sic] for acts under the Maryland Public Information Act to deny my request since the Maryland Legislature at [MPIA § 10–617(f)(2) & (3) ] clearly intended that my mother's estate records be disclosed to me, a person of interest."

The Comptroller responded that the MPIA has a mandatory exception to its disclosure policy for records "that [are] not disclosable as a matter of law." The Comptroller informed the court that § 13–202 of the Tax–General Article prohibits the disclosure of "tax information," which is defined in T.-G. § 13–201 to include information from tax returns. The Comptroller stated that appellant's status as the daughter of the decedent did not entitle her to disclosure of the estate's confidential tax return.

Appellant responded that her request was for "financial information," which under the MPIA is available for inspection by a "person in interest." Appellant argued that, as the daughter of the decedent, she is a person in interest. She further argued that the MPIA does not specifically identify tax records as exempt from disclosure.

The court denied the Petition for Judicial Review. The court ruled that, under a plain reading of the MPIA, and absent any case law interpreting "financial information" to include tax records, "the [c]ourt could not order the Comptroller to turn over the records because the Legislature has directed that it not be done." The court memorialized its ruling in an order dated January 3, 2007.

This appeal followed.[2]

## DISCUSSION

■ The General Assembly enacted the MPIA in 1970, four years after Congress's passage of the Freedom of Information Act ("FOIA"), now codified at 5 U.S.C. § 552 *et seq.* (2000). *See Blythe v. State*, 161 Md.App. 492, 513, 870 A.2d 1246 (tracing the origins of the MPIA), *cert. granted*, 388 Md. 97, 879 A.2d 42 (2005). "The purpose of the Maryland Public Information Act . . . is virtually identical to that of the FOIA"; consequently, to the extent that the MPIA is like the FOIA, the federal circuits' interpretation of the FOIA is persuasive. *Faulk v. State's Attorney for Harford County*, 299 Md. 493, 506, 474 A.2d 880 (1984); *accord Stromberg Metal Works, Inc. v. Univ. of Md.*, 382 Md. 151, 854 A.2d 1220 (2004).

■ Like the FOIA, the MPIA grants to the public the right to inspect public records. *Faulk*, 299 Md. at 506, 474 A.2d 880. Consistent with its purpose, the Act expressly states that its provisions "shall be construed in favor of permitting inspection of a public record. . . ." S.G. § 10–612(b); *accord Office of the Governor v. Washington Post Co.*, 360 Md. 520, 544–45, 759 A.2d 249 (2000); *A.S. Abell Publ'g Co. v. Mezzanote*, 297 Md. 26, 32, 464 A.2d 1068 (1983). Notwithstanding the broad access to records that is generally afforded by the MPIA, the Act specifically exempts certain records from disclosure. S.G. § 10–615 expressly requires custodians of public records to deny inspection of public records in certain specific circumstances:

A custodian shall deny inspection of a public record or any part of a public record if:

(1) by law, the public record is privileged or confidential; or

---

**2.** Appellant's brief includes discussion of facts and proceedings that do not relate to the appeal before us. We have not included that extraneous information in our summary of the relevant proceedings, and we do not address that information in the remainder of this opinion.

(2) the inspection would be contrary to:

(i) a State statute;

(ii) a federal statute or a regulation that is issued under the statute and has the force of law;

(iii) the rules adopted by the Court of Appeals; or

(iv) an order of a court of record.

Denial of a request for a record that comes within § 10–615 is mandatory. *Blythe,* 161 Md.App. at 516, 870 A.2d 1246.

 The Comptroller argues that the estate tax return sought by appellant comes within S.G. § 10–615(2)(i), which requires denial of a request to inspect a public record if "the inspection would be contrary to . . . a State statute." The Comptroller directs us to T–G § 13–202, which prohibits State employees from disclosing "in any manner, any tax information." "Tax information" is defined in T.G. § 13–201(1) as "particulars disclosed in a tax return required under this article, if the return contains return information as defined in § 6103 of the Internal Revenue Code." "Tax information" is further defined in T.G. § 13–201(2) as "any return information, as defined in § 6103 of the Internal Revenue Code, required to be attached to or included in a tax return required under this article." "Return information" is defined in § 6103 of the Internal Revenue Code to include

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments . . . or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary [of the Treasury] with respect to a return . . .

26 U.S.C. § 6103(b)(2)(A) (2000).

We have said that the MPIA is modeled on the FOIA; consequently, decisions interpreting the federal statute are persuasive in interpreting counterpart provisions of the MPIA. *Faulk,* 299 Md. at 506, 474 A.2d 880. Like S.G. § 10–615, the FOIA exempts from disclosure any material that is protected

by a separate statute. *See* 5 U.S.C. § 552(b)(3) (exempting from disclosure any material that is protected by a separate statute, provided the statute requires that the matters be withheld from the public, and the statute establishes criteria for withholding or specifies the particular materials to be withheld). Courts have held that § 6103 of the Internal Revenue Code, cited above, qualifies as a statute that comes within the nondisclosure provisions of § 552(b)(3) of the FOIA. *See e.g., Landmark Legal Foundation v. I.R.S.,* 267 F.3d 1132, 1134 (D.C.Cir.2001); *Grasso v. I.R.S.,* 785 F.2d 70, 75 (3rd Cir.1986); *Currie v. I.R.S.,* 704 F.2d 523, 526–28 (11th Cir. 1983); *King v. I.R.S.,* 688 F.2d 488, 496 (7th Cir.1982); *Mason v. Callaway,* 554 F.2d 129, 131 (4th Cir.1977) (per curiam); *Fruehauf Corp. v. I.R.S.,* 566 F.2d 574, 578 (6th Cir.1977); *Grenier v. U.S. I.R.S.,* 449 F.Supp. 834, 840 & n. 22 (D.Md. 1978). The federal authority on the subject reinforces our construction of counterpart provisions of the MPIA.

We mention that there is a provision in the Tax General Article, § 13–203, that permits disclosure, under specific circumstances, of tax information to certain individuals and entities. Under that section, disclosure may be available, provided it is "in accordance with a proper judicial order or a legislative order"; made to an employee of the State who has a right to the information by reason of employment; or made to another tax collector, the Maryland Tax Court, a legal representative of the State in limited circumstances, a license-issuing authority in specified instances, or as part of a publication of statistics that does not reveal personal information. None of the statutory exceptions to nondisclosure of tax information applies to appellant's request for the estate tax return.

Appellant cites *Ashton v. Cherne Contracting Corp.,* 102 Md.App. 87, 648 A.2d 1067 (1994), for the proposition that federal and state tax returns "are not privileged ... [and] they are discoverable." We held in *Ashton* that tax returns are discoverable from the taxpayer, and we agreed with other jurisdictions that "statutes [such as T.-G. § 13–202] that provide for nondisclosure of tax return information by govern-

ment employees do not preclude disclosure by the taxpayer himself." *Id.* at 95, 648 A.2d 1067 (emphasis added). The holding of Ashton has no effect on the statute's mandate of nondisclosure by the government. Ashton is of no help to appellant.

We conclude that the information contained in a Maryland estate tax return falls within the definition of "tax information," and, consequently, may not be disclosed by personnel within the Comptroller's Office under T.-G. § 13–202. Because that statute prohibits disclosure of tax information, including tax returns, those records are exempt from disclosure under § 10–615(2)(i) of the MPIA.

Appellant does not seriously contest that interpretation of the Act. She argues, however, that the Comptroller denied her request for the estate tax return because she lacked "standing" to request it. Appellant evidently misunderstands the basis of the Comptroller's denial and believes that her request was denied under S.G. § 10–617(f)(2) and (3), which prohibit disclosure of "financial information," except to "a person in interest." Appellant seems to argue that the estate tax return is "financial information," to which she is entitled under S.G. § 10–617(f) as a person in interest.

Appellant's argument is flawed in two respects. First, the Comptroller did not deny her request for the estate tax return on the ground that she "lacked standing" under § 10–617(f) to request it. The Comptroller denied the request because § 10–615(2)(i) of the Act prohibits disclosure. Second, to the extent that appellant contends that a tax return is "financial information," and thereby subject to disclosure to persons in interest, § 10–617(f) simply does not support the contention. Such a construction of the "financial information" provision would create a fatal inconsistency between that section of the MPIA and § 10–615(2)(i), which prohibits disclosure of documents when inspection would be contrary to State statute. It is a settled rule of statutory construction that various sections of a statute are to be construed in harmony. *Md.-Nat'l Capital Park and Planning Comm. v. Anderson,*

395 Md. 172, 183, 909 A.2d 694 (2006). The MPIA simply does not bear the construction appellant would have us give it.

## II.

Appellant argues that the court erred in requiring her to produce case law construing tax records as financial information under MPIA § 10–617(f). We disagree.

The MPIA requires the custodian to carry the burden of justifying denial of a request for disclosure of documents. S.G. § 10–623(b)(2)(i). As the custodian of tax returns, the Comptroller met that burden by (1) establishing that the MPIA mandates nondisclosure when the inspection would be contrary to state statute and (2) showing that the Tax–General Article of the Maryland Code prohibits disclosure of tax returns.

As we read the court's comments to appellant, the court simply was pointing out to her that, in the absence of any authority for the proposition that tax returns are subject to disclosure as financial information under S.G. § 10–617(f), the law is clear that tax returns cannot be disclosed under S.G. § 10–615(2)(i). There was no error.

**JUDGMENT AFFIRMED.**

**APPELLANT TO PAY COSTS.**